JOHN E. DEYETTE *v.* EUGENIE DEYETTE.
EUGENIE DEYETTE *v.* JOHN E. DEYETTE.

November Term, 1917.

Present:  WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed April 12, 1918.

*Courts—Jurisdiction—When Open to Inquiry—Annulment of
Marriage — Judgment — Impeachment—Exceptions—Suffi-
ciency—Custody of Minor Child.*

The jurisdiction of a court of another state in granting a decree of
annulment of marriage is open to inquiry in a collateral proceed-
ing in a court of this State.

A judgment of annulment of marriage rendered in another state by a
court having jurisdiction of the parties and of the subject matter
cannot be impeached by either of the parties thereto in a col-
lateral action, by reason of false testimony given at the time, even
though given by a party.

The plaintiff in a proceeding for divorce has not such an interest in the
matter of a judgment of a court of competent jurisdiction in an-
other state annulling a former marriage of the defendant as en-
titles him to impeach it on the ground of false testimony given at
the time.

Exceptions which require an examination of evidence not before the
Supreme Court will not be considered.

In decreeing the custody of a minor child in divorce proceedings, the
good of the child is the primary consideration and this can be
judged to some extent by the comparative acts of the father and
mother showing love and affection for it, and parental interest in
its welfare; and so there was no error in decreeing the custody of a
minor child of tender years to the mother, against whom a decree
of divorce had been granted, when the father, on trial, had at-
tempted to obtain a ruling invalidating the marriage, and so render-
ing the child illegitimate.

PETITION and cross petition for divorce.  Heard together at
the March Term, 1917, Chittenden County, *Butler*, J., presiding.
Decree granting the petition of John E. Deyette, dismissing the

20

petition of Eugenie Deyette, and giving the custody of the minor child of the parties to Eugenie Deyette. John E. Deyette excepted. The opinion states the case.

*V. A. Bullard* and *John J. Enright* for John E. Deyette.

*Alfred L. Sherman* and *Rufus E. Brown* for Eugenie Deyette.

WATSON, C. J. The petitioner, John E. Deyette, filed his petition for a divorce, and the petitionee, Eugenie Deyette, filed her cross petition. The two petitions were heard together. A bill of divorce was granted the petitioner for intolerable severity, and the cross petition was dismissed. The care and custody of the minor child was granted to the petitionee, and the petitioner was ordered to pay one hundred dollars per year to the petitionee toward the care and support of the child until she shall arrive at the age of sixteen years. The case is here on the petitioner's exceptions.

It appeared that the petitionee had previously married one Borst in the state of New York, and that a decree of annulment of that marriage had been granted by a New York court, on the ground that she was married to him prior to, and had not lived or cohabited with him as husband and wife since attaining, the age of legal consent. A certified copy of the record of those proceedings was introduced in evidence, and is made a part of the exceptions. It seems from that record that at the time those proceedings were instituted, all the parties thereto were domiciled in the state of New York, and no claim is here made to the contrary. The record shows that the process was personally served upon the defendant Borst within that state. It therefore appears that the New York court had jurisdiction of the parties and of the subject matter. Borst failed to appear in answer to the case, and was wholly in default. Those proceedings were brought, and the decree therein rendered, under a statute of that state permitting a marriage to be annulled when contracted by a party of less than eighteen years of age, provided the parties did not freely cohabit as husband and wife after such party had attained that age.

In the trial of the present case the petitioner sought to vitiate the New York decree, on the ground of fraud in its procure-

ment; and on this question he was permitted to show, subject to exception, that Eugenie and her mother there testified that the former was born on August 31, 1887, when in fact she was born on August 31,1886; that in fact she was eighteen years of age on August 31, 1904; that she was married to Borst in the preceding October, and continued to live with him as husband and wife until the summer of 1905, and consequently they thus lived together for nearly a year after she attained the age of legal consent. The petitioner contends that the New York decree was therefore based upon fraud respecting an essential fact, by reason of which it is open to collateral attack, and is void.

That the question of jurisdiction of the New York court was open to inquiry is beyond doubt. *Domenchini's Adm'r* v. *Hoosac Tunnel & W. R. R.*, 90 Vt. 451, 98 Atl. 982. But the fraud shown did not go to the jurisdiction. We will assume that such a judgment rendered in that state may be impeached in a collateral action, for fraud; yet it can only be for fraud extrinsic or collateral to the matter tried in that action—it cannot be impeached by either of the parties thereto, by reason of false testimony given at the time, even though given by a party. *Camp* v. *Ward*, 69 Vt. 286, 37 Atl. 747, 60 Am. St. Rep. 929; *French* v. *Raymond*, 82 Vt. 156, 72 Atl. 324, 137 Am. St. Rep. 994. It is said, however, that the petitioner in the present action is a stranger to the foreign decree, and therefore he may impeach it collaterally, citing in support of this position *Blondin* v. *Brooks*, 83 Vt. 472, 76 Atl. 184. In that case the fraud was as to the domicile of the plaintiff to the action in which the foreign judgment was rendered, and went to the jurisdiction. This Court said the defendants in the case of *Blondin* v. *Brooks* were strangers to it, and that strangers can impeach a judgment collaterally "when it is for their interest to impeach it at all." Granting (though not deciding) that a stranger to a judgment may impeach it for intrinsic fraud, if it be for his interest to do so, his "interest" must be such, at least, as concerns him in the collateral action wherein the impeachment is sought. Otherwise he is not aggrieved. In *Kinnier* v. *Kinnier*, 45 N. Y. 535, 6 Am. Rep. 132, the defendant was married in the state of Massachusetts, to one Pomeroy. After living together there for some years, Pomeroy went to Chicago to procure a divorce for a cause not recognized by the laws of Massachusetts, and to evade the laws of that state. The defendant went to Chicago, appeared in

the action, and the parties, by collusion, procured to be entered and docketed a decree of absolute divorce. Later the divorced wife married Kinnier, and the action was brought by him to annul the marriage on the ground that the former marriage of the defendant was in force, and her divorce from Pomeroy was void in the state of New York. The case stood on demurrer to the complaint. It was held that the judgment of the Illinois court effectually divorced the parties to it, and their marriage was no longer in force in any legal sense; that the plaintiff in the New York action was not defrauded or injured by the foreign judgment. The court said: "The plaintiff was entitled to marry a marriageable person, and though she may not have been, in all respects, all he anticipated or all that was desirable, yet she was competent to marry, because her former marriage was not *then in force,* and being competent, it is of no legal consequence to the plaintiff how she became so. Conceding fraud as alleged, he cannot avail himself of it." In *Ruger* v. *Heckel,* 85 N. Y. 483, it was held that a second husband of a divorced woman could not maintain an action to have the decree divorcing her from her former husband. cancelled and her second marriage declared void, on the ground that the proof upon which the court acted in granting the divorce was fabricated, and the decree of divorce· fraudulently obtained.

We think it clear that the petitioner in the present action has no such interest in the matter of the foreign judgment as entitles him to impeach it on the ground of the fraud shown. The wisdom of this law is forcibly brought to mind by the circumstances of this case, where the petitioner is attempting, by such impeachment, to render his marriage with the petitionee void, and thereby illegitimatize their minor daughter of tender years, begotten and born in lawful· wedlock, the fruit of the union. The law would be lacking in justice if it permitted such an inhuman undertaking to succeed.

Several exceptions were taken by the petitioner, the consideration of which requires an examination of evidence not before us as a part of the record. To such exceptions we pay no attention. The bill of exceptions had attached to it what· is stated to be exceptions taken by the petitioner during the progress of the trial. We assume that this was done by the presiding judge, and that they were intended to be a part of the bill. They are so treated. The evidence offered to be shown by the

witness Loosemore, and by the witness Perry, and excluded by
the court, does not appear to have been of sufficient consequence
to require further notice.

Exception was taken to that part of the decree which gives
the care and custody of the minor child to the petitionee, as un-
reasonable, in that it contemplates that the child will be taken
out of the jurisdiction of the court, thus placing it beyond the
power of the father to see the child as specified in the decree.
Suffice it to say of this exception, that there is nothing about
the decree indicating the contemplation here stated.

It is said that the court in effect found and decreed that
the petitionee had been guilty of such intolerable severity toward
her husband as to show her not a fit person to live with him; and
if she has done ill in the marriage relation, she will be likely
to do ill in the parental relation. Giving this all the force it
is entitled to as an argument, it is far from controlling in view
of the fact, among others, that the petitioner's love for the child
is so small that it did not even deter him, on the trial of the facts
in the court below, nor on exceptions in this Court, from strenu-
ously attempting to procure a ruling that could not result other-
wise than to render this same child an illegitimate, and relieve
him of any liability for her support. The good of the child is
the primary consideration, and that can be judged to some ex-
tent by the comparative acts of the father and the mother, show-
ing love and affection for it, and a parental interest in its wel-
fare. It is very apparent from the record that the court below
committed no error in decreeing the care, custody, and control
of the child to the mother.

*Judgment affirmed and cause remanded.*