LILLA H. CUTTING *v.* RUPERT B. CUTTING.

May Term, 1928.

Present: WATSON, C. J., POWERS, MOULTON, and CHASE, JJ., and THOMPSON, Supr. J.

Opinion filed November 16, 1928.

382

*Shields & Conant* for the petitionee.

*Searles, Graves & Waterman* for the petitioner.

THOMPSON, Supr. J.   This is a proceeding for contempt brought before Superior Judge Willcox in which the petitionee is charged with the violation of a lawful order for the payment of temporary alimony.   The petitionee moved to dismiss the petition on the ground, among others, that the order for payment of temporary alimony had never been legally served upon him.   After hearing on the same the motion to dismiss was overruled, and the petitionee allowed an exception.   Hearing was then had on the merits, and, as a result of the same, the petitionee was found to be in arrears with respect to the payment of temporary alimony, but was adjudged not to be in contempt.   The petitionee was discharged from custody, and a new order for the payment of temporary alimony was made.   Exceptions were taken by the petitionee, and the enforcement of all orders was stayed.

The petitioner moves to dismiss the exceptions.   The principal ground argued, and which we consider, is that contempt proceedings brought before a single superior judge cannot be reviewed by this Court on bill of exceptions.

Not only does the county court have the implied jurisdiction to enforce an order for the payment of temporary alimony by proceedings for contempt (*Andrew* v. *Andrew*, 62 Vt. 495, 20 Atl. 817), but such jurisdiction has been expressly granted to a superior judge by G. L. 3606, which provides that

a person who disobeys a lawful order or decree of a court or judge, under the provisions of the chapter relating to divorce, may be proceeded against for contempt, and by G. L. 1599, which provides that "If a party against whom a lawful order is made in a cause brought to or pending before a superior judge, the county court, or the court of chancery, after service of such order upon him, violates the same, he may be proceeded against for a contempt before such court or before any superior judge."

At common law proceedings for contempt in one court, where the court had jurisdiction of the subject-matter and of the parties, were not revisable in any other court, upon an appeal or writ of error. *Vilas & Platt* v. *Burton et al.*, 27 Vt. 56, 6 R. C. L. 538. In some states the right of review has been granted by statute, and in this State, when proceedings for contempt are brought and heard in county court, questions of law decided therein can be reviewed in this court on a bill of exception under G. L. 2257. *In re Cooper*, 32 Vt. 253; *In re Consolidated Rendering Co.*, 80 Vt. 55, 66 Atl. 790, 11 Ann. Cas. 1069. But this statute applies only to proceedings in county court. In *In re Cooper*, this Court said: "Where, as in this case, the petition is brought and the case heard in the county court, *and not by a single judge*, we think the proceedings fall within the very terms of the statute."

G. L. 1608-1610 provide that certain specified causes and matters relating to causes pending in county court may be heard and determined by a superior judge in vacation, and exceptions may be taken from the orders and judgments of said judge as if they had been made at the stated session of a county court; but a proceeding for contempt is not one of the specified causes.

Chapter 166 of the General Laws relating to divorce gives a superior judge jurisdiction to make orders for temporary alimony and for the care and custody of minor children and to make certain restraining orders, all during the pendency of the libel for divorce. These orders invariably are for the benefit of the wife and minor children and are in force only during the pendency of the libel. The property is usually in the hands of the husband. The support of the wife and children may depend entirely upon the allowance of the judge. In most cases, if there was delay in the enforcement of such orders, the purpose of the law would be defeated.

384

It is conceded that there is no statute expressly granting a review in this court by bill of exceptions of proceedings for contempt brought before and heard by a single judge; but the petitionee says that, if exceptions lie to the rulings of the county court on matters where the county court and a superior judge have concurrent jurisdiction, exceptions should lie to the rulings of the Superior Judge in such cases. To this we can only say that the so-called right of appellate review is a mere legislative privilege to be granted or withheld as may seem best to the law-making body (*Miles Block Co.* v. *Barre & Chelsea R. R. Co.*, 96 Vt. 526, 121 Atl. 410), and the Legislature has not, as yet, deemed it best to grant this privilege in proceedings for contempt brought before a single judge.

*Exceptions dismissed.*