(No. 5478.   October 2, 1930.)

ORRIL M. WELCH and FRANCES E. BARTON,
Respondents, v. JAMES MORRIS, Appellant.

[291 Pac. 1048.]

P. E. Cavaney, for Appellant.

Barber & Barber, for Respondents.

GIVENS, C. J.—Respondents brought suit to quiet title against a cloud cast by a certain attachment and judgment rendered in connection therewith, on the ground that the attachment was void, the attachment having been levied in a previous action on the property in question as the property of the mother of respondents. Appellant claimed that the attachment was regular and the transfer of the property in question from the mother to the daughters, under which respondents held, was made in fraud of creditors and hence invalid.

Respondents' attack upon the judgment and attachment was collateral. (*O'Neill v. Potvin,* 13 Ida. 721, 93 Pac. 20, 257.)

But a third party, if sufficiently interested, may bring such an action. (*Harpold v. Doyle,* 16 Ida. 671, 102 Pac. 158.)

On collateral attack the invalidity of the judgment must ordinarily appear upon the face of the judgment-roll. (*Weil v. Defenbach,* 36 Ida. 37, 208 Pac. 1025.) We say "ordinarily" because there appears to be a well-recognized exception to the effect that where the parties admit facts which show that a judgment in a former suit is void, or if such facts are established without objection, then the case is similar to one wherein the judgment is void upon its face and is subject to attack. (*Akley v. Bassett,* 189 Cal. 625, 209 Pac. 576, at 581.) Appellant not only alleged, but permitted without objection, the admission in evidence of the deed from the mother to respondents, which deed was on record at the time of the levy of the purported attachment.

C. S., sec. 6784, requires that when real property is attached, if standing in the name of any other person (than the defendant), notice must be filed to the effect that the interest of the defendant in the property, standing in the name of the other party, is attached. No such notice as to respondents was filed.

■ Since the mother, Mrs. Welch, defendant in the attachment suit, was a nonresident of the state, jurisdiction depended upon the validity of the attachment. (*O'Neill v. Potvin, supra.*)

■ There must be at least substantial compliance with C. S., sec. 6784. (*Long v. Burley State Bank*, 30 Ida. 392, 165 Pac. 1119; *Williams v. Olden*, 7 Ida. 146, 97 Am. St. 250, 61 Pac. 517.)

■ Appellant's contention that because the transfer to respondents was invalid, service did not have to be made on them, ignores the statute which says service must be made on the party in whose name the property stands, as well as the owner, if they be different.

There was no compliance at all. The attachment was invalid. The court hence had no jurisdiction of the parties defendant therein; hence the judgment was void.

■ While Mrs. Welch was perhaps a proper party, she was not a necessary or indispensable party, and no prejudice has been shown to have resulted to appellant in her not having been joined as a party. The other assignments of error covering objections to the introduction of evidence, in view of the conclusion reached herein, were not prejudicial.

The question of the fraudulent nature of the transfer from Mrs. Welch to her daughters was not passed upon by the court, and, in view of the conclusion reached herein, is not considered or passed upon in any way herein, except as it is hereinafter indicated that the conclusions and decree should be so modified as not to bear thereon.

The court properly quieted title in respondents as against appellant's claim under the attachment judgment. The conclusions and decree as entered, however, to the extent they went beyond this, granted relief not authorized, and it is ordered that with paragraphs A, D and the first clause in F of the conclusions, and paragraph numbered I in the decree, stricken, the decree is affirmed. Costs awarded to respondents.

Budge, Lee, Varian and McNaughton, JJ., concur.