## BROWN v. UNITED STATES et al.
### No. 11161.

United States Court of Appeals
District of Columbia Circuit.

Argued March 25, 1952.

Decided May 15, 1952.

James F. Bird, Washington, D. C., for appellant.

Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., Ross O'Donoghue and Joseph M. Howard, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellees. George Morris Fay, U. S. Atty., when the record was filed, Washington, D. C., also entered an appearance for appellees.

Before EDGERTON, PROCTOR, and BAZELON, Circuit Judges.

PER CURIAM.

Alberta Carrie Brown, appellant, sued in the District Court for a declaratory judgment to establish her claim to an account in the Retirement and Disability Fund of the Civil Service Commission, which had accrued to the credit of Charles E. Thomas as an employee in the Department of Agriculture. According to the complaint Thomas died on September 8, 1949, survived by Ethel S. Thomas with whom he had entered into a ceremonial marriage in June, 1944, and with whom he lived as his wife until February, 1948, when she left and lived apart from him. Shortly before his death, Thomas designated appellant as sole beneficiary of the money standing to his credit in the Retirement and Disability Fund.[1]

Upon the death of Thomas appellant laid claim to the funds in his account. But the Commission denied the claim in favor of the priority rights of Ethel S. Thomas,[2] whom it recognized as the widow of decedent.

Appellant's position before the Commission and the District Court rested upon her contention that Ethel S. Thomas was not the widow for the reason that at the time of her marriage to Thomas she was still the wife of one Montford David Naylor, notwithstanding a decree of the Circuit Court of Baltimore City, Maryland, June, 1939, purporting to dissolve that marriage. Appellant based that contention upon the allegation that although the record of the Baltimore proceedings did on its face support the court's jurisdiction to enter the divorce decree, yet, in truth, the court was without jurisdiction so to do because in fact the plaintiff husband was not a resident of the State of Maryland,[3] and as a consequence the decree was null and void.

The District Court granted a motion to dismiss the complaint, ruling that appellant was without standing to attack the validity of the divorce decree. We agree with that ruling. Appellant was a stranger to the divorce proceedings. She had no interest in

---

1. Act of May 22, 1920, c. 195, § 11, 41 Stat. 619, as amended 5 U.S.C.A. § 724 (d) (1).

2. Act of May 22, 1920, c. 195, § 11, 41 Stat. 619, as amended 5 U.S.C.A. § 724 (c) (1) and (e) (1).

3. Article 16, Section 43, Maryland Code, requires two years residence.

the same; no right or standing to qualify as a party to the proceedings and oppose a divorce. Yet here, many years after the decree became final, she contends that her recently acquired claim upon the Civil Service Fund, arising through her designation as the beneficiary, gives her the present right and standing to make this collateral attack against the jurisdiction of the Maryland court to enter the divorce decree. We think the contention is untenable. Mumma v. Mumma, 1948, 86 Cal.App.2d 133, 194 P.2d 24; Mitchell v. Automobile Owners Indemnity Underwriters, 1941, 19 Cal. 2d 1, 118 P.2d 815, 137 A.L.R. 923; Margulies v. Margulies, 1931, 109 N.J.Eq. 391, 157 A. 676; Kinnier v. Kinnier, 1871, 45 N.Y. 535, 6 Am.Rep. 132; 1 Freeman on Judgments 636 (5th ed. 1925).

Affirmed.