Donald O. WEBB, Appellant,

v.

Sallie P. DAIGER, Appellee.

Sallie P. DAIGER, Appellant,

v.

Donald O. WEBB, Appellee.

Nos. 2789, 2790.

Municipal Court of Appeals for the District of Columbia.

Argued July 17, 1961.

Decided Sept. 29, 1961.

Russell Hardy, Sr., Washington, D. C., with whom Russell Hardy, Jr., Washington, D. C., was on the brief, for Donald O. Webb.

Philip F. Herrick, Washington, D. C., with whom John S. Yodice, Washington, D. C., and Francis E. P. McCarter, Newark, N. J., were on the brief, for Sallie P. Daiger.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

HOOD, Associate Judge.

This action was brought by a father against his former wife for custody of their young daughter. The mother opposed the father's claim to custody and by counterclaim sought to compel him to contribute to the support of the child. After full hearing the trial court dismissed the claim and denied the counterclaim. Both parties have appealed.

The parties were married in August 1955; the child was born to them in June 1956; they separated in May 1959; and they were divorced in Nevada in September 1959. This action was commenced a little over a month after the divorce. The mother remarried in June 1960.

Although in his complaint the father charged that the mother was ignoring and neglecting the child, he offered no proof of this charge at trial. Instead he directed his proof at his charge that the mother was a morally unfit person to have custody of the child. He attempted to prove three instances of alleged misconduct on the part of the mother. The trial court refused to allow him to proceed with his proof, and this is the substantial basis of his appeal.

■ The father first sought to show misconduct on the part of the mother while they were married and living together, and, secondly, while they were married but after their separation. The trial court held this evidence inadmissible because it related to matters prior to the Nevada divorce decree which awarded custody to the mother. The court ruled that since the mother had personally appeared in the Nevada proceedings and the father had appeared through counsel, evidence relating to the father's present claim to custody would be limited to matters occurring after the Nevada decree. In our opinion this ruling was correct.

■■ Although the Supreme Court has expressly left open the question whether the Full Faith and Credit Clause of the Constitution is applicable to custody decrees, it has recognized that a custody decree of one State is not res judicata in another State if changed circumstances warrant a change of custody. Kovacs v. Brewer, 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008. In this jurisdiction it would appear that changed conditions furnish the only basis for a change in the custody order. In Dawn v. Dawn, 90 U.S.App.D.C. 226, 227, 228, 194 F.2d 895, 896, it was said:

"It is well established by our decisions that a divorce decree which awards permanent custody of a child to one of the parties is *res judicata* as to the question of custody at that time. Unless a showing is made that circumstances and conditions have so changed that the best interests of the child would be served by amending the custodial order, it cannot be amended."

This court has followed the Dawn decision in Kraft v. Kraft, D.C.Mun.App., 155 A.2d 910, and in Cobbe v. Cobbe, D.C. Mun.App., 163 A.2d 333. In the last cited case, at page 335 of 163 A.2d, we said that in child custody decrees the doctrine of res judicata applies "to the facts and circumstances which existed at the time the decree was entered." We therefore hold that the trial court in the instant case properly excluded evidence relating to the conduct of the mother prior to the Nevada decree. It is evident that the father had the same knowledge of the occurrences then as he does now. He appeared through counsel in the Nevada proceedings and was free to present such evidence as he then had to the Nevada court. He failed to do so and now it is too late.

The father's third attempt to prove misconduct on the mother's part was based on his claim that the mother is now married to and living with a man who is not legally divorced from his former wife. It appears that the mother's present husband was divorced in Idaho in a proceeding brought by his former wife. She made personal appearance in the Idaho proceedings and he appeared through counsel. In the present proceedings it was attempted to show that the Idaho divorce was collusive, fraudulent and therefore void. The trial court refused to permit this collateral attack on the Idaho divorce, and it was correct in so doing.

Neither of the parties to the present action was a party to the Idaho proceeding. The father is attempting to collaterally attack a decree to which he is a stranger. That decree in no way adversely affected any interest of his, and his standing to make such an attack is most dubious. Tippin v. Tippin, 1961, 148 Conn. 1, 166 A.2d 448. Assuming, however, his standing to make the attack, he could do so only to the extent that such an attack would be permitted in Idaho where the decree was rendered. Wolf v. Wolf, D.C.Mun.App., 162 A.2d 776. We have been cited to no Idaho authority which would permit such an attack. See Harpold v. Doyle, 16 Idaho 671, 102 P. 158.

The father also complains that the trial judge manifested so strong a bias against his attorney that he was denied a fair trial. Undoubtedly there were some sharp exchanges between court and counsel over rulings by the court on the admissibility of evidence; but the record does not convince us that the case was unfairly tried.

Our conclusion is that the father's appeal is without merit, and we turn to the mother's appeal. She claims the court was in error in not ordering the father to make payments for the support of the child.

The Nevada divorce decree awarded custody of the child to the mother, but made no provision for support of the child. Apparently the mother then sought no such support for she testified that at that time she expected no support for the child because of the father's financial inability and no provision of that nature was put in the separation agreement. A father's obligation to support his child cannot be waived by an agreement to that effect between him and the mother; but the court was justified in considering such an agreement as one factor in the case. The mother undertook to support the child, evidently feeling she was financially able to do so. The record shows that the mother has a substantial income from a trust fund and that the father's income is slight and uncertain. Furthermore there is no showing that the child is not being adequately supported. Under these circumstances, we see no abuse of discretion in the refusal at the present time to order the father to contribute to the support of the child.

Affirmed.