### Lillian F. Orr v. Reid R. Orr

[ 177 A.2d 233 ]

November Term, 1961

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed January 2, 1962

*Black & Plante* for the plaintiff.

**Holden, J.**  The parties to this proceeding are the divorced parents of two minor children whose custody and support are the subject of this controversy.  The divorce was granted by the Windsor County Court on the defendant's cross-libel and became final April 1, 1958. The decree entered at that time awarded the custody of the children to the mother and afforded the defendant rights of reasonable visitation.  Both parties were forbidden from removing the children beyond a radius of one hundred fifty miles from Windsor, Vermont.  The defendant was ordered to pay twenty dollars each week to the plaintiff for the support and care of the children.

· The cause was later brought forward and the present proceedings entertained in response to petitions from both parties.  The defendant requested the court to amend the custody provisions of the original decree to permit his removal of the children to California during the school vacation period in 1960.  At the time of the hearing Sharon was nine and her brother Reid was seven.  The plaintiff sought to have the defendant adjudged in contempt for his failure to comply with the provisions of the original order for the support of the children.  Both

petitions were made returnable the same day and were heard as one proceeding. Disposition was made by consolidated findings of fact upon which a single order issued.

It appears from the findings that the defendant was unemployed at the time of the original divorce proceedings and remained out of work until April 1959. During this interval he moved to California where he obtained employment with weekly net earnings of seventy-five dollars. The findings state that the defendant rents a three-room apartment in Garden Grove, California at a monthly cost of ninety-five dollars. During the period of the defendant's custody of the children in California, he planned for them to stay with him during the nighttime and with his sister during the daytime. They were to return alone to their home in Vermont, by air transportation.

The findings are silent on the issue of contempt except for a statement that the defendant is in arrears as to payments for support under the original order in the amount of $970. The findings conclude with Finding 7: "There was some evidence as to the maladjustment of the children and their aversion to travel and the harmful effects of separation from home. The Court finds all these things to be true but further finds that the desires and needs of the parent should be paramount at this time."

On the strength of these findings, the original decree was amended. Custody of the minor children was committed to the defendant to enable their removal to California for the period requested. The defendant was ordered to furnish a bond in the amount of one thousand dollars conditioned for the return of the children to their mother's custody at the end of the period. Transportation to California and return was ordered to be made by air. The weekly support payments were suspended during the period of the changed custody and the defendant was ordered to make up the amount in arrears by additional weekly payments of five dollars.

The plaintiff appeals, claiming error on the ground that the order is not supported by the facts found and that the result reached constitutes an abuse of discretion.

The defendant has not challenged these assignments of error by oral argument nor by written brief. While this shortage involves a concession of error on his part, at least by implication, we will not reverse in this instance without examining the merits of the appeal.

For the effect of failure to file a brief, see 3 Am. Jur., Appeal and Error, §781, p. 339; 5 C.J.S. Appeal and Error, §1314, p. 226.

■ At first glance, it might appear that the question of custody has been rendered moot by the lapse of time during which the period for the change of custody was to operate. However, an issue will not be regarded as moot, although the passage of time has rendered some aspects of the controversy academic, if substantial rights and liabilities of the parties are affected by the order from which the appeal is taken. *Leonard v. Earle,* 279 U. S. 392, 49 S.Ct. 372, 73 L.Ed. 754, 758; *Standard Fashion Co.* v. *Magrane-Houston Co.,* 258 U. S. 346, 42 S.Ct. 360, 66 L.Ed. 653, 656; 3 Am. Jur. Appeal and Error §824, p. 366; 5 C.J.S. Appeal and Error §1362, p. 446.

■ In controversies relating to custody and support the issues should be settled. The parties, and the minor children too, have a right to rely on the original order and have it remain in full force and effect until cause for revision is legally established. *Buckminster* v. *Buckminster,* 38 Vt. 248, 250; *Sand* v. *Sand,* 116 Vt. 70, 71, 69 A.2d 7; *McKinney* v. *Kelley,* 120 Vt. 299, 302, 141 A.2d 660. That is the first question presented by this appeal. Was the change of the original order legally accomplished?

■ The problem of custody of children and provision for their support involves a decision that must be entrusted to the sound discretion and perceptive sense of justice of the tribunal confronted with these issues. The final result is not subject to revision by appellate review except where the bounds of judicial discretion have been exceeded. *Raymond* v. *Raymond,* 120 Vt. 87, 95, 132 A.2d 427, 431; *McKinney* v. *Kelley, supra,* 120 Vt. at 302, 141 A.2d 660; *Miles* v. *Farnsworth,* 121 Vt. 491, 160 A.2d 759. When a discretionary ruling is invoked, the court must pass upon the question presented and the action taken must be founded on valid considerations, consistent with the established law.

■ The protection and safeguard of children uprooted by parental discord and divorce are a prime concern of the law. And the courts in whose charge they are committed owe first obedience to considerations of the child's welfare. The opposing desires of hostile parents, insofar as they conflict with the well-being of the child, must yield. *Buckminster* v. *Buckminster, supra,* 38 Vt. at 250; *Deyette* v.

*Deyette,* 92 Vt. 305, 309, 104 Atl. 232, 4 A.L.R. 1115; *In re Cooke,* 114 Vt. 177, 183, 41 A.2d 177; *McKinney* v. *Kelley, supra,* 120 Vt. at 302; *Loeb* v. *Loeb,* 120 Vt. 489, 494, 144 A.2d 825.

The order in the present case is founded on considerations that override this paramount objective. The findings recognize the maladjustment and harmful effect that will result from the separation of the children from their maternal home. Despite this, the findings state that the desires and needs of the father should be paramount. In placing the parent's need above that of his children there was an abuse of judicial discretion. The order as to custody has no valid support in the findings.

The record certified to this Court leaves the issue of contempt unsettled. The findings state merely the amount due under the original decree. The order provides nothing more than how this delinquency may be satisfied. Complete and proper adjudication of a petition for contempt for non-compliance with the previous order for support requires more than this.

It is presumed that the original provision for the support of the children was a proper one. It is enough for the petitioner to show that the petitionee has refused to obey it. If compliance became impossible or excusable by special circumstances, it was the petitionee's burden to establish facts to justify his failure to comply. *Andrews* v. *Andrews,* 62 Vt. 495, 502, 20 Atl. 817.

From the facts presented it becomes the duty of the court to determine whether the delinquency was the result of wilful disobedience or attributable to circumstances beyond the petitionee's control. These are matters of utmost importance, not only to the children for whose benefit the order was made, but to the public at large. *Andrews* v. *Andrews, supra,* 62 Vt. at 502.

The power of contempt is, in the main, discretionary. See *Cutting* v. *Cutting,* 101 Vt. 381, 143 Atl. 676; *In re Consolidated Rendering Co.,* 80 Vt. 55, 63, 66 Atl. 790. When the court is called upon to exercise its discretion in the matter, the moving party is entitled to have the issue settled. *Bradley* v. *Blandin,* 94 Vt. 243, 257, 110 Atl. 309; *Russell* v. *Pilger,* 113 Vt. 537, 543, 37 A.2d 403. The failure to adjudicate the issue of contempt constituted error.

*Order reversed and cause remanded.*