373 P.2d 750

Kathryn Margaret TREECE, Plaintiff-Respondent,

v.

George TREECE, Defendant-Respondent,

W. M. Bair, Enid Ereman, Geneva Wilson, Robert G. Bair, Elsie Bezona, and Donald W. Bair, Applicants for Intervention-Appellants.

No. 9112.

Supreme Court of Idaho.

July 24, 1962.

Greene & Hunt, Sandpoint, for appellants.

Stephen Bistline, Hardy C. Lyons, Sand-point, for respondent.

TAYLOR, Justice.

Upon complaint of the plaintiff Kathryn Margaret Treece (respondent) and the default of the defendant George Treece (respondent) a decree of divorce was entered herein February 20, 1961. Among other recitals in the decree are the following:

"* * * the Court having now heard the plaintiff's evidence and finding all and singular the allegations of the plaintiff's complaint proven as true, and the plaintiff's residence in Idaho having been corroborated, * * *."

The next day, February 21, 1961, the plaintiff Kathryn Margaret Treece entered into a ceremonial marriage with Samuel Wayne Bair. Thereafter and some time prior to May, 1961, Samuel Wayne Bair died. September 1, 1961, petitioners (appellants) filed in the court and cause in which the decree of divorce was entered, their petition and motion for leave to intervene and praying that the decree of divorce be set aside and held to be of no force or effect. Petitioners allege that they are the brothers and sisters of Samuel Wayne Bair, deceased, and his only heirs at law; that Kathryn Margaret, purporting to be the surviving widow of deceased, and claiming to be his sole heir and beneficiary of his estate, petitioned for and was appointed administratrix of the estate of the deceased about May 12, 1961; and further

"That said marriage of February 21, 1961, was further void for the reason that said Kathryn Margaret Bair was and still is married to one George Treece. That there was a decree of divorce entered in the above entitled action on February 20, 1961, by this Court, purporting to divorce said Kathryn Margaret Treece and George Treece; that said Court in said action had no jurisdiction to hear and grant such decree for the reason that the said plaintiff did not have the required six weeks residence within the State of Idaho, she being at the times pertinent thereto a resident of the State of Oregon."

After hearing, the court made its order denying the petition on the ground,

"* * * that at the time this above entitled action was pending, and at the time it went to final decree herein, the intervenors were entirely without any interest in the subject matter of this above entitled action, * * *."

■ In this jurisdiction,

"* * * an attack is regarded as direct where the proceeding in which it is made is brought, solely or primarily, for the purpose of impeaching or overturning the judgment, and as collateral if made for any other purpose." 12 A.L.R.2d Anno. 720.

O'Neill v. Potvin, 13 Idaho 721, 93 P. 20, 257; Moyes v. Moyes, 60 Idaho 601, 94 P. 2d 782.

The petition constitutes a direct attack upon the judgment. In Keane v. Allen, 69 Idaho 53, 202 P.2d 411, we held that parties could directly attack a judgment for extrinsic fraud within a reasonable time after discovery of the fraud.

■■ In Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031, we held that a judgment regular on its face could not be attacked by a party on the ground of intrinsic fraud. A judgment regular upon its face is con-

clusive upon the parties and their privies on all issues determined, or which should have been determined, thereby. Conversely, a judgment is not conclusive upon third persons who are neither parties nor privies of parties thereto.

"It is a well-settled general rule that whenever the rights of third persons are affected they may collaterally attack a judgment for fraud committed by one party, or for collusion of both parties." 30A Am.Jur., Judgments, § 879, p. 790.

"The general rule is that the absence of jurisdiction of a court to render a particular judgment constitutes sufficient cause for a collateral attack upon the judgment whenever it is sought to be enforced, or in any suit in which its validity is drawn in question, whether the absence of jurisdiction is in regard to the subject matter, the parties, or, in proceedings in rem, the res." 30A Am. Jur., Judgments, § 880, pp. 791, 792.

"A stranger to the record, who was not a party to the action in which the judgment was rendered or in privity with a party is not prohibited from impeaching the validity of the judgment in a collateral proceeding; but in order to do so he must show that he has rights, claims, or interests which would be prejudiced or injuriously affected by the enforcement of the judgment, and which accrued prior to its rendition." 49 C.J.S. Judgments § 414, pp. 818, 819.

The petition alleges want of jurisdiction of the subject matter of the action; that is, that the plaintiff was at the time of bringing the action a resident of Oregon. Proof of this allegation would establish a lack of domicil in Idaho, which was essential to the jurisdiction of the court and the validity of its judgment. This charge presents an issue of intrinsic fraud. Robinson v. Robinson, supra; Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366.

In the Williams case, the state of North Carolina made a collateral attack upon Nevada divorce decrees by prosecuting residents of North Carolina who had purportedly established residence in Nevada and there obtained divorces; after which they were married and returned to North Carolina where they took up residence as husband and wife. Their conviction was upheld by the Supreme Court of North Carolina and the action of that state was reviewed by the Supreme Court of the United States under the full faith and credit clause of the federal constitution. In holding that the Nevada decrees were not conclusive as to third persons, the court said:

"It is one thing to reopen an issue that has been settled after appropriate opportunity to present their contentions

has been afforded to all who had an interest in its adjudication. This applies also to jurisdictional questions. After a contest these cannot be relitigated as between the parties. Forsyth v. City of Hammond, 166 U.S. 506, 517, 17 S.Ct. 665, 670, 41 L.Ed. 1095, [1099]; Chicago Life Ins. Co. v. Cherry, 244 U.S. 25, 30, 37 S.Ct. 492, 493, 61 L.Ed. 966 [969]; Davis v. Davis, supra. [305 U.S. 32, 41, 59 S.Ct. 3, 83 L.Ed. 26, 30, 118 A.L.R. 1518.] But those not parties to a litigation ought not to be foreclosed by the interested actions of others; especially not a State which is concerned with the vindication of its own social policy and has no means, certainly no effective means, to protect that interest against the selfish action of those outside its borders. The State of domiciliary origin should not be bound by an unfounded, even if not collusive, recital in the record of a court of another State. As to the truth or existence of a fact, like that of domicil, upon which depends the power to exert judicial authority, a State not a party to the exertion of such judicial authority in another State but seriously affected by it has a right, when asserting its own unquestioned authority, to ascertain the truth or existence of that crucial fact." Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366, at 1369–1370.

Old Colony Trust Co. v. Porter, 324 Mass. 581, 88 N.E.2d 135, 12 A.L.R.2d 706, involved facts and issues similar to those before us. Two petitions were filed by the executor, and the next friend of minor children, beneficiaries under the will of the deceased. One petition was filed in the action, in which Porter, the purported surviving husband of the deceased, had been granted a divorce from his former wife, seeking vacation of the decree. The other petition was filed in probate proceedings, for proof of the will of the deceased, and to strike the appearance and opposition of the surviving husband of the deceased. The relief sought by both petitions was based upon the allegation that the decree of divorce granted to the surviving husband from his former wife was void for the reason that the surviving husband had not resided in the jurisdiction of the divorce-decreeing court, as required by law, and that the purported marriage between deceased and the surviving husband, therefore, also was void.

As to the first proceeding, the court said:

"In our opinion the decrees in the first case ought not to be disturbed in the circumstances presented. It would be going a long way to permit persons who were not parties to a divorce proceeding to make a direct attack upon a decree for divorce which has already become absolute by a petition to vacate

it altogether for want of jurisdiction, when, as hereinafter appears, another remedy is available which will meet the needs of the petitioners without in any other respect disturbing the status apparently established by the decree. The death of one of the parties to the divorce, although after the petition was filed and on the day the demurrer to it was sustained, adds emphasis to this statement. See Rawson v. Rawson, 156 Mass. 578, 580, 31 N.E. 653. We have been referred to no decision, and we have seen none, in which direct attack upon a divorce decree, by a person not a party to it in circumstances comparable to these, was allowed." Old Colony Trust Co. v. Porter, 324 Mass. 581, 88 N.E.2d 135, 12 A.L.R.2d 706, at 711–712.

The court held the residential requirement for divorce was jurisdictional and its absence would render the decree wholly void. In considering the petition filed in the probate proceedings, the court said:

" 'It is a general and established rule of law, that when a party's right may be collaterally affected by a judgment, which for any cause is erroneous and void, but which he cannot bring a writ of error to reverse, he may, without reversing, prove it so erroneous and void, in any suit, in which its validity is drawn in question.' * * *

"Upon reason and theory the second case now before us presents a proper instance for collateral attack upon the decree of divorce between Mr. and Mrs. Porter. If the evidence offered and excluded was true, as we must assume it was for the purposes of this decision, the decree was rendered without jurisdiction and was inherently void. Neither Old Colony Trust Company, which is the present petitioner, nor the persons in whose behalf it is acting were in any sense parties to the divorce proceeding so as to become bound thereby, or in privity with the parties. They were not entitled to notice of that proceeding and presumably had none. They could not have appealed from the decree. They took no part whatever in the case. They were in no way concerned in the result of it at the time and would never have become concerned, if Mrs. Simonds had not afterwards contracted her second marriage. They now find that their property interests under the paper offered for probate as the will of Virginia Fildes Simonds may be destroyed as a result of the decree, since if the decree is binding upon them Mrs. Simond's marriage with Porter will be held to have revoked any prior will made by her." 88 N.E.2d at page 139, 12 A.L.R.2d at page 713.

The court held that the petitioners' collateral attack upon the divorce decree in the probate proceedings was maintainable. On page 714 of 12 A.L.R.2d, 88 N.E.2d 135, the court reviews a similar ruling in Adams v. Adams, 154 Mass. 290, 28 N.E. 260, 13 L.R.A. 275, and sets out a number of cases from other jurisdictions allowing attacks upon divorce decrees by strangers adversely affected thereby. Also, there are set out a few cases from courts which have taken a contrary view. Among the latter is Harpold v. Doyle, 16 Idaho 671, 102 P. 158. That was an action for a breach of promise of marriage. To prove her capacity to enter into the marriage relationship, the plaintiff produced two judgment rolls containing divorce decrees purporting to terminate previous marriages. These were admitted in evidence over the defendant's objection that the decrees were void for want of jurisdiction in the courts in which they were entered. On appeal from a judgment against the defendant, the court, after analyzing the judgment rolls, held that the divorce decrees were valid. The court recognized the rule that a stranger to the record may impeach a judgment when he has rights or interests which would be injuriously affected by its enforcement, and which accrued prior to its rendition. To uphold the judgment the court need not have gone further than to find that the divorce decrees were not invalid, and therefore what was said in regard to the rule allowing a stranger to the record to attack a judgment on jurisdictional grounds only when he had rights or interests which would be adversely affected by it which accrued prior to its rendition, may be regarded as dictum.

Concerning the contention that the right or interest of a stranger which would allow an attack on a judgment must have accrued prior to its rendition, the Massachusetts court in the Old Colony Trust Co. case said:

"The argument is made in behalf of Porter that since the executor and the beneficiaries under the instrument proffered as the will of Virginia Fildes Simonds had no interest in her property at the time when the Porter divorce was granted, but had only an expectancy which could materialize only in the event of her death without revoking her will, they had no such interest as will now enable them to make a collateral attack upon the decree. But we are not convinced that the argument is sound. The reason why the Old Colony Trust Company, as proponent of the will, is entitled to make a collateral attack upon the decree of divorce is not because the persons whose interests it represents were injured in any property rights at the time the decree was entered. It is simply because, if the excluded evi-

dence is true, the decree is void, and they are not bound by it, and they have encountered in this litigation a person (Porter) who is now insisting upon the decree against their present interest. An argument similar to that now urged by Porter was rejected in Tucker v. Fisk, 154 Mass. 574, at pages 576–577, 28 N.E. 1051. In the case of Adams v. Adams, 154 Mass. 290, 28 N.E. 260, 13 L.R.A. 275, hereinbefore discussed, where collateral attack was allowed upon a decree of divorce, the decree, when entered, did not affect the rights of those who were later allowed to attack it. It adversely affected their rights only, as in the case at bar, by reason of a subsequent second marriage. The same is true in many of the cases cited above where collateral attack was allowed. Nowhere in the Restatement of Judgments, in dealing with the right of collateral attack upon a void decree, is there a suggestion that the right depends upon the decree working an injury to the attacker at the time of entry of the decree." 88 N.E.2d at 140, 12 A.L.R.2d at 714–715.

Other cases which we have reviewed upholding the right of a stranger to collaterally attack a divorce decree under circumstances similar to those herein, are as follows: Rudnick v. Rudnick, 131 Cal. App.2d 227, 280 P.2d 96; Rediker v. Rediker, 35 Cal.2d 796, 221 P.2d 1, 20 A.L.R. 2d 1152; Mumma v. Mumma, 86 Cal.App. 2d 133, 194 P.2d 24; In re Davis' Estate, 38 Cal.App.2d 579, 101 P.2d 761, 102 P.2d 545; In re Pusey's Estate, 180 Cal. 368, 181 P. 648; In re Johnson's Estate, 301 N.Y. 13, 92 N.E.2d 44; In re Lindgren's Estate, 293 N.Y. 18, 55 N.E.2d 849, 153 A.L.R. 936; In re Niles' Will (N.Y.Sur.) 99 N.Y. S.2d 238; In re Torkkila's Estate, 198 Misc. 265, 98 N.Y.S.2d 460; Ex parte Nimmer, 212 S.C. 311, 47 S.E.2d 716; State ex rel. Willys v. Chillingworth, 124 Fla. 274, 168 So. 249; Jones v. Goolsby, 218 Miss. 847, 68 So.2d 89. See also: Anno. 12 A.L.R.2d 717. Washington split five to four against the proposition. In re Englund's Estate, 45 Wash.2d 708, 277 P.2d 717.

In this case the petitioners were not parties to the divorce proceedings and had no interest in the subject matter thereof— the marital status of Mr. and Mrs. Treece. Neither were they or their deceased brother in privity with either party. Nor were they or their brother guilty of any conduct by reason of which they or he would be estopped to challenge the judgment. At the time the action was pending they had no interest or right by reason of which they could have intervened therein. It was not until their brother's death that any interest accrued to them, which could be injuriously affected by the judgment. It

was not until the judgment became adverse to their claims or interests in the probate proceedings that they had cause to complain or any ground upon which to make an attack upon it. As stated by the Massachusetts court in Old Colony Trust Co. v. Porter, supra, having another remedy constitutes a further reason why they should not be allowed to make a direct attack upon the decree in the divorce proceedings.

Referring to the contention that the marital status before, and the single status after, a decree of divorce is immune to collateral attack the Supreme Court of California in Rediker v. Rediker, 35 Cal.2d 796, 221 P.2d 1, 20 A.L.R.2d 1152, said:

"That contention, however, is opposed to the prevailing rule in most of the jurisdictions of the United States and to several decisions of this court. It is an oversimplification to state that a divorce proceeding is a proceeding *in rem*, and to proceed from that statement to the assumption that a decree entered therein is *res judicata* in an action between a party and a stranger thereto, not only as to the subsequent status of the parties with relation to each other, but also as to all issues decided or that might have been decided in the proceeding. The weight of authority holds that a decree of divorce is a judgment *in rem* only to the extent

that it adjudicates the future status of the parties in relation to each other. Williams v. North Carolina, 317 U.S. 287, 298, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273; Williams v. North Carolina, 325 U.S. 226, 232, 65 S.Ct. 1092, 89 L.Ed. 1557, 157 A.L.R. 1366. As between parties or privies, the decree is *res judicata* not only of their status with relation to each other but also of all issues that were litigated or that could have been litigated therein. * * * As between strangers or strangers and parties, however, the decree is *res judicata* only in that it conclusively determines that the parties are thereafter free to remarry so far as any relation to each other is concerned." 221 P.2d at 4.

It is for the reason that the status of the parties *as to each other* should not be altered by a successful attack upon the divorce decree, that a direct attack vacating the judgment itself is not favored. A collateral attack where the judgment can be denied effect as to the rights of strangers is to be preferred. Old Colony Trust Co. v. Porter, supra.

The order appealed from is affirmed.

Costs to respondents.

SMITH, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.