415 P.2d 673

W. M. BAIR, Enid Ereman, Geneva Wilson, Robert G. Bair, Elsie Bezona, Ruth J. Bair, Petitioners-Appellants,

v.

Kathryn M. BAIR, Administratrix of the Estate of Samuel Wayne Bair, deceased, Respondent-Respondent.

No. 9581.

Supreme Court of Idaho.

June 23, 1966.

Greene & Hunt, Sandpoint, for appellants.

Stephen Bistline, Sandpoint, for respondent.

McQUADE, Justice.

The opinion of this court filed herein December 31, 1965, is withdrawn and this opinion is substituted therefor.

This petition was filed in the Probate Court of Bonner County by the brothers and sisters of the deceased, Samuel Wayne Bair, for the purpose of having themselves declared his heirs at law. The basis of their challenge was the allegation that Kathryn Margaret Bair, referred to herein as Kathryn, was not the lawful wife of Bair at the time of his death by reason of the fact that she was still legally married to one George Treece because a divorce she previously had obtained from Treece was invalid. The Probate Court ruled against the petitioners and decreed Kathryn to be the surviving widow of Samuel Wayne Bair. The petitioners appealed to the District Court of the Eighth Judicial District and a trial de novo was held on the issues presented. The District Court affirmed the judgment of the Probate Court and the petitioners have appealed from that judgment.

Numerous issues were presented on this appeal, but at the outset we must determine whether petitioners had standing to attack collaterally the Idaho divorce decree granted to Kathryn from her former husband, Treece. Petitioners allege that Kathryn was not a resident of Idaho for six full weeks next preceding the commencement of her divorce action against Treece as required by I.C. § 32–701 and that, therefore, the divorce judgment was void for lack of jurisdiction, cf. Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031 (1949), and that her subsequent marriage to Bair was ipso facto invalid. I.C. § 32–207. Regardless of the validity of these contentions, we hold that petitioners are not such persons as are entitled to attack the validity of Kathryn's divorce decree and, therefore, the judgment of the District Court must be affirmed.

As is true in all areas of the law, but most especially with respect to marriage and divorce, the stability of judgments and their inviolability from subsequent impeachment are essential for an orderly society. After a decree of divorce is granted by a court of competent jurisdiction, not only the

parties thereto but others as well place great reliance on the validity of that decree. It would be both inequitable and against established law to freely permit, except in the most unusual of circumstances, such judgments to be subject to collateral attack and thus severely disrupt the lives of numerous persons who were litigants, most of whom will be innocent of any wrongdoing. The interest of these petitioners is too tenuous to permit such an attack. They were neither parties to nor in privity with any of the parties to the divorce action. They had no *preexisting* rights adversely affected by the decree of divorce between Treece and Kathryn. Petitioners had, at most, an expectancy of inheritance should their brother, the deceased, die intestate and without a wife. This expectancy was not a legal right—during Bair's lifetime they could not, of course, sue to enforce it. However, as a matter of public policy, we feel petitioners, as strangers to the divorce decree, have no right to attack its validity. To hold otherwise could cause chaos and uncertainty in the lives of the thousands of persons who have been divorced and, relying upon that judgment, have subsequently remarried. Once a divorce decree is final, it should not be disturbed by strangers who had no preexisting rights or interests adversely affected by such judgment. The parties to the divorce and others who have since relied on the validity of the decree are entitled to rely thereon and plan their lives accordingly without fear that at some future date they will be found to have acted bigamously or that their children will become bastardized.

The conclusion we have reached herein is supported by the weight of authority from other jurisdictions. In Re Hanson's Estate, 210 F.Supp. 377 (D.C.Cir.1962), aff'd 117 U.S.App.D.C. 191, 327 F.2d 889 (1963); Brown v. United States, 91 U.S.App.D.C. 15, 196 F.2d 777 (D.C.Cir.1952); Tippin v. Tippin, 148 Conn. 1, 166 A.2d 448 (1960); Tyler v. Aspinwall, 73 Conn. 493, 47 Atl. 755, 54 L.R.A. 758 (1901); Webb v. Daiger, 173 A.2d 920 (Mun.Ct.D.C.1961); deMarig-ny v. deMarigny, 43 So.2d 442 (Fla.1949); Martocello v. Martocello, 197 Ga. 629, 30 S.E.2d 108 (1944); Thomas v. Lambert, 187 Ga. 616, 1 S.E.2d 443 (1939); Hansberger v. Hansberger, 182 Ga. 495, 185 S.E. 810 (1936); Fisher v. De Marr, 226 Md. 509, 174 A.2d 345 (1961); Kirby v. Kent, 172 Miss. 457, 160 So. 569, 99 A.L.R. 1303 (1935); Reger v. Reger, 316 Mo. 1310, 293 S.W. 414 (1927); Deyette v. Deyette, 92 Vt. 305, 104 A. 232, 4 A.L.R. 1115 (1918); Evans v. Asphalt Roads & Materials Co., 194 Va. 165, 72 S.E.2d 321 (1952); In re Englund's Estate, 45 Wash.2d 708, 277 P.2d 717 (1954). See also 1 Freeman, Judgments §§ 318, 319 (5th ed.); 27B C.J.S. Divorce § 355; 24 Am.Jur.2d Divorce and Separation § 485; Annot. 12 A.L.R.2d 717. But cf. Old Colony Trust Co. v. Porter, 324 Mass. 581, 88 N.E.2d 135, 12 A.L.R.2d 706 (1949); Ex Parte Nimmer, 212 S.C. 311, 47 S.E.2d 716 (1948).

Because of our holding herein, it is unnecessary to discuss other issues raised on this appeal.

The judgment is affirmed with directions to the trial court to dismiss the action.

No costs awarded.

FELTON, D. J., and TOWLES, D. J., concur.

TAYLOR, Justice (concurring):

As a general proposition, a collateral attack upon a judgment can be permitted only in cases where the judgment is invalid on jurisdictional grounds or where it was obtained through extrinsic fraud. Moyes v. Moyes, 60 Idaho 601, 94 P.2d 782 (1939); Rogers v. National Surety Co., 53 Idaho 128, 22 P.2d 141 (1933); Welch v. Morris, 49 Idaho 781, 291 P. 1048 (1930); Harkness v. Utah Power & Light Co., 49 Idaho 756, 291 P. 1051 (1930); Weil v. Defenbach, 36 Idaho 37, 208 P. 1025 (1922); O'Neill v. Potvin, 13 Idaho 721, 93 P. 20, 257 (1907).

I do not regard the decision in Treece v. Treece, 84 Idaho 457, 373 P.2d 750 (1962), as controlling here. We have held that domicile of the plaintiff within this state is

essential to the jurisdiction of the district court in a divorce action. Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031 (1949). In that case it was also held that the statutory requirement of six weeks residence does not present an issue of jurisdiction, but one of proof essential to the authority of the court to grant a divorce.

In this case Kathryn returned to Idaho and established her domicile in this state, intending to reside here permanently. This she was permitted to do under our statute. I.C. § 32–702. Upon the filing of her complaint the district court acquired jurisdiction of the subject matter of the action. Robinson v. Robinson, supra; Stewart v. Stewart, 32 Idaho 180, 180 P. 165 (1919). The petitioners in this case seek to show that the divorce decree was invalid because Kathryn had not actually resided in this state the full six weeks next preceding the commencement of the divorce action. They seek to show that the divorce court committed error in finding from the proof submitted that Kathryn had met the residence requirement. This constitutes a collateral attack upon a ground which is not jurisdictional, and an attack which is not based upon a showing of extrinsic fraud. The issue of residence was intrinsic in the divorce proceedings and cannot again be litigated in this collateral proceeding. Robinson v. Robinson, supra.

In the Treece case it was said that a collateral attack upon a judgment was preferable to a direct attack, where the attack was made by strangers to the judgment. The reasoning behind that conclusion, as revealed by the Massachusetts decision in Old Colony Trust Co. v. Porter, 324 Mass. 581, 88 N.E.2d 135, 12 A.L.R.2d 706 (1949), was that a collateral attack would permit the court to leave the judgment intact as between the parties, while denying it effect as to the complaining strangers. Thus, the effect of invalidating a subsequent marriage of either party and bastardizing any issue of such marriage would be avoided.

In this case there was no issue of the marriage between Kathryn and Bair. However, the purpose of the petitioners—that is, to have themselves adjudged to be the heirs at law of the decedent Bair—could not be accomplished without also vacating the divorce decree as to the status of the parties thereto so as to render Kathryn incompetent to enter into a marriage relation with Bair. The decree of divorce could not remain effective as to the parties and ineffective as to petitioners. If the divorce decree is held effective to establish the status of Kathryn as a single person, then her marriage to Bair was valid, and petitioners could not claim to be Bair's sole heirs. Though they are strangers to the divorce action, the interest which petitioners now claim did not arise until the death of Bair. Since the success of their claim would necessarily destroy the status established by the divorce decree, and the invalidity which the urge against the decree not being based upon defect of jurisdiction or extrinsic fraud, their attack must fail. The controlling rule was stated in Restatement of Law, Judgments, § 74, and comment c., as follows:

"(1) In a proceeding in rem with respect to a status the judgment is conclusive upon all persons as to the existence of the status.

"(2) A judgment in such a proceeding will not bind anyone personally unless the court has jurisdiction over him, and it is not conclusive as to a fact upon which the judgment is based except between persons who have actually litigated the question of the existence of the fact."

"Comment: * * * c. *Effect of judgment on other causes of action.* Although a valid judgment in rem is binding on all the world as to the existence of a status which is the subject of the action, it is not conclusive as to a fact upon which the judgment is based in any subsequent action (not involving the existence of the status), except as to persons who have appeared and actually litigated the question of the existence of the fact."

In this case the divorce decree was a judgment in rem affecting the status of the

defendant Kathryn. By that decree she was declared to be a single person and capable of contracting the second marriage to the decedent.

Old Colony Trust Company v. Porter, supra, is distinguishable from the present case. In Massachusetts the residence requirement was held to be jurisdictional; whereas, in this state it is held not jurisdictional. Robinson v. Robinson, supra. Also, it should be noted that the strangers who attacked the divorce decree in the Old Colony case were children of the deceased. Here the attack is made by collateral heirs. Because of the duty and obligation of parental support, it may be said of children that they have a continuously existing interest in the estate of their parents.

McFADDEN, C. J., concurs.