J. Vincent Keogh, J.
Action to annul marriage.
The plaintiff herein had previously been married to one Catherine De Santis. On March 1, 1947, the latter recovered a final judgment of divorce in this State against the plaintiff herein on the ground of adultery. Less than three years later, viz., on December 28,1949, and without having obtained judicial *17 permission to remarry, the plaintiff herein went through a ceremonial marriage with the defendant herein in Brooklyn, New York. There is no issue of that union. The plaintiff admits that he married the defendant knowing that he was prohibited from doing so by law. The plaintiff testified that in his application for a license to marry the defendant the question, “ Are you a divorced person? ” was answered “no ” by him and that the questions, ‘ ‘ How many times have you been married? ” and “ If divorced, when and where? ” were answered by him by writing in longhand the word “ None ” in both instances. The court finds that the defendant herein acted in good faith and married the plaintiff without knowing that there was a legal impediment to his marrying her.
The foregoing facts obviously disclose that the plaintiff does not come into court with clean hands. That quality is not a sine qua non herein for the reason that in the very recent case of Landsman v. Landsman (302 N. Y. 45, 48) which involved a very similar situation, the Court of Appeals stated unequivocally that “ the plaintiff was free to bring this annulment action though he did not come to the court with clean hands ” and, further, that since the marriage was void from its inception, as in the case at bar, ‘ ‘ it gave neither scope for recrimination nor room for any counteractive estoppel.”
The defendant relies heavily on Krause v. Krause (282 N. Y. 355). That case is not applicable here. In later decisions the Court of Appeals seems to have limited its decision in the Krause case to those instances where a person has obtained a matrimonial decree from the courts of a sister State and then subsequently the procurer of such decree attempts to attack its validity collaterally in the courts of this State. (See Caldwell v. Caldwell, 298 N. Y. 146; Querze v. Querze, 290 N. Y. 13.) In such situations the rule of quasi-estoppel will be applied under the decision in the Krause case and the procurer of the foreign divorce will not be heard to impeach it. The case at bar, however, does not involve any collateral attack upon a foreign decree of divorce and hence the Krause case is inapplicable.
The plaintiff’s marriage to the defendant herein is clearly bigamous and void ab initio without any formal decree of the court declaring it a nullity. (Domestic Relations Law, § 6, subd. 1; § 8; Beaudoin v. Beaudoin, 270 App. Div. 631; Heidig v. Heidig, 6 N. Y. S. 2d 405; Matter of Erlanger, 145 Misc. 1.) The Legislature, however, has authorized the court in the interest of the public to enter a decree declaring a void marriage to be such (Civ. Prac. Act, § 1134). The question here is *18 whether the plaintiff, who committed perjury in his application for a license to marry the defendant, and who by the very nature of this action brought by him is a confessed bigamist, should be permitted to invoke the jurisdiction of the court to serve his selfish purpose by obtaining a solemn judicial pronouncement restoring him to a status quo ante. If the question were a matter of first impression, this court would deny the plaintiff relief and dismiss his complaint. Although the equities clearly favor the defendant and in spite of the fact that the result may well shock not only moralists but also the average citizen living the pattern of normal family life, this court is constrained to follow the controlling decisions of the Court of Appeals in Landsman v. Landsman (302 N. Y. 45, supra) and Davis v. Davis (279 N. Y. 657) which require that the plaintiff herein be granted the relief which he seeks.
Prior to the institution of this action the Domestic Relations Court had made an order directing the plaintiff herein to pay the defendant herein thq sum of $10 per week for support. The defendant contends that in making such order the Domestic Relations Court necessarily determined that the plaintiff and defendant were legally married and that this court is bound by that determination. This contention is without merit. The determination by that court regarding an existing marriage was merely incidental to the exercise of its limited jurisdiction to compel the support of a wife by a husband and is not binding in an action in the Supreme Court between the same parties in which an adjudication of the marital status is directly involved. (Loomis v. Loomis, 288 N. Y. 222; Caldwell v. Caldwell, 298 N. Y. 146, supra.)
The court reluctantly concludes that the plaintiff is entitled to a judgment of annulment against the defendant. The plaintiff is directed to pay the defendant alimony in the amount of $11 per week. (Civ. Prac. Act, § 1140-a; Johnson v. Johnson, 295 N. Y. 477.)
Settle judgment on notice.