Peter M. Daly, J.
The petitioner was married to the incompetent in the city of New York on March 18, 1925. Two children were born of this marriage, both of whom are now over the age of 21 years. In July, 1939 proceedings in this court, brought by the Veterans’ Administration, resulted in an order declaring petitioner’s husband incompetent to manage himself and his affairs and appointing the petitioner the committee of his person and property. After qualifying, petitioner proceeded with the collection of the incompetent’s pension from the United States Government and deposited all sums so collected in a bank account.
On December 8, 1945 an order was duly made and entered in this court permitting petitioner to withdraw the sum of $100 per month from the incompetent’s funds for the support of herself and the two children of the parties, who were then respectively 16 and 17 years of age. By an order, dated January 15, 1947, such support payments were increased to $125 per month. As of July 17, 1957, the date of the last accounting, the estate of the incompetent amounted to the sum of $5,681.48, consisting entirely of the proceeds of Veterans’ Administration benefit payments which were made to the committee herein as the result of the veteran’s service-connected disability which, as of the present time, is said by the Veterans’ Administration to be rated at 70%, for which there is a monthly settlement of $157.50.
While the incompetent was on vacation in Florida, late in 1947 and early in 1948, he instituted in said State an action for divorce against the petitioner, in which action process was served upon her by mail in February of 1948. Except for a a letter to the Florida court at that time in which petitioner pointed out that her husband had been declared incompetent by this court, petitioner neither appeared in the divorce action nor in any way participated therein. According to a letter received by petitioner’s attorney from an attorney in Florida, who examined the file in the divorce action, the letter petitioner had written to the court was construed by it “ as not constituting an appearance or answer, and accordingly, the court entered *582 a Decree Pro Confesso and proceeded to enter a Final Decree of Divorce on April 20, 1948.”
Payments under the support order of this court, dated January 15, 1947, continued, however, until January, 1957. Shortly thereafter the Veterans’ Administration conducted a hearing relative to petitioner’s status which resulted in a ruling as of September 6, 1957 as follows: “11. The decree of divorce obtained by the veteran from Eae Zeldman on April 20, 1948, in Florida is regular on its face, and while it stands on the records of the court as its final action in the case the VA will accept it as having effected a dissolution of their marriage in the absence of proof of some irregularity impeaching its validity which is not presently indicated.” Ño order, however, has ever been made vacating the foregoing support order nor has any court of competent jurisdiction declared the veteran competent to manage his affairs.
Petitioner now moves for permission to institute an action against the incompetent for judgment declaring the nullity of the divorce obtained against her in the State of Florda upon the ground that that court had no jurisdiction to grant a decree dissolving the marriage. She also seeks a counsel fee in connection with such proposed action and support in the sum of $125 per month from the first day of February, 1957.
The Veterans’ Administration opposes the application. It contends that the incompetent is now rated competent by the Veterans’ Administration in accordance with Federal law and Veterans’ Administration regulations, and a separate petition is being presented to this court initiating proceedings to declare him competent. In addition, it is urged that the courts of this State do not permit the withdrawals from the estate of an incompetent veteran, the proceeds of which are entirely from Veterans’ Administration payments, where the applicant for such withdrawals is not recognized as a dependent by the Veterans’ Administration.
While that may be the general rule, there was outstanding in this case a support order in favor of the petitioner prior to the ex parte divorce entered in the incompetent’s favor in the State of Florida and said order is still extant. (Estin v. Estin, 334 U. S. 541; see, also, Civ. Prac. Act, § 1170-b and Vanderbilt v. Vanderbilt, 1 N Y 2d 342, affd. 354 U. S. 416.) Assuming, without deciding, that the divorce decree obtained by the incompetent is entitled to full faith and credit, it was obtained upon constructive service of process alone and, therefore, it may not cut off the husband’s obligation to support his wife in accordance with a pre-existing support order of this *583 court. (Estin v. Estin, supra; see, also, Armstrong v. Armstrong, 350 U. S. 568.)
Since this court has jurisdiction of all parties and of the property of the incompetent, the situs of which may be changed when and if he is declared competent, a proceeding which, may well be protracted, the court is of the opinion that petitioner’s application for permission to bring the proposed action for a declaratory judgment should be granted with a counsel fee under section 1169-a of the Civil Practice Act in the sum of $400, without prejudice to a further application at the conclusion of the trial in light of the legal services as may then appear. Since there exists a support order which has not been vacated or modified, notwithstanding that the children have reached their majority, the remaining relief sought by petitioner is denied without prejudice.
Proceed on notice.