**Mamie L. MILLER, individually, as parent and natural guardian of Theodore Miller, a minor, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education, and Welfare of the United States, Defendant.**

No. 20933.

United States District Court
E. D. Michigan, S. D.
Oct. 6, 1961.

Rothe, Marston, Mazey, Sachs & O'Connell, Detroit, Mich., for plaintiff.

Lawrence Gubow and Jay Nolan, Detroit, Mich., for defendant.

PICARD, Judge.

Plaintiff appeals from an order of the Appeals Council of the Social Security Agency, affirming the hearing examiner denying benefits to plaintiff and child under the Old Age and Survivors Act, 42 U.S.C.A. § 401 et seq., holding that plaintiff, Mamie Miller, was not the lawful wife of decedent Roosevelt Miller.

### Findings of Fact

The question in this court revolves around whether or not Roosevelt Miller, deceased, was of legal age when he married his first wife.

The facts are these: On the 6th day of September, 1936, Roosevelt Miller was married to Rochelle Huckleberry of Dawson, Georgia, claiming to be over the legal age of seventeen years. A friend, Bill Gaines, appeared for him and swore Miller was over seventeen. By his first wife Miller had children and lived with her until 1939. At that time she left him but they never got a divorce and she remarried. He never legally remarried but started living with plaintiff by whom he has had a child. Until this matter came up there seemingly never was any claim that Roosevelt Miller was under age when he married his first wife but now the second wife claims Miller was under age at that time and the friend, Gaines, who originally represented that Roosevelt Miller was over twenty-one, comes before the hearing examiner and now says that at the time of Miller's first marriage Miller was only fourteen years of age.

There is conflicting testimony but the hearing examiner elected to believe that one of two situations represented the facts:

First, that Roosevelt Miller was over seventeen years of age when he married his first wife and never having received a divorce from her could not legally either by common law marriage or otherwise, consummate a marriage between him and the plaintiff; or

Second, that since Roosevelt Miller lived with his first wife after he became of age even under the present claims of plaintiff that that first marriage became a legal marriage even if it hadn't been before and there should have been a divorce.

After the death of Roosevelt Miller on July 7, 1958, plaintiff went into the Probate Court of Wayne County and among other things, was granted an order giving

her all the assets of Roosevelt Miller—if there were any.

The government was not made a party to that law suit.

The Probate Court in the State of Michigan has the authority to do what it did in this case but can it bind the Federal government by an order of that kind unless the Federal government is a party? That is an added issue.

We further find that the evidence in the record of the hearing examiner reflects an overwhelming weight of evidence that the hearing examiner and the Appeals Council did not err, as a matter of law, in denying plaintiff benefits under the Old Age and Survivors Act, unless the examiner was bound by the order of the Probate Court.

In the record of the hearing examiner several inconsistencies are apparent as to the age of Roosevelt Miller at the time of his purported marriage to Rochelle Huckleberry.

In support of the contention that Roosevelt Miller was over seventeen and therefore legally capable of marriage in Georgia, we find the following documents:

1. A letter from the Clerk of Terrell County, Georgia, February 9, 1959, which states that Roosevelt Miller gave his age as twenty-three years September 1, 1936, in his marriage license application;

2. Birth certification of Theodore Miller, child of Roosevelt Miller, dated October 28, 1954, which gives the age of father, Roosevelt Miller, as then being thirty-five years, which would make Roosevelt Miller over seventeen years of age when he was married in 1936; seventeen being the legal age; and

3. Decedent's application for Social Security Account Number dated November 30, 1937, which was signed by him, giving date of birth as December 10, 1917.

In support of the contention that Roosevelt Miller was under seventeen at the time of his purported marriage to Rochelle Huckleberry are the following documents:

1. An affidavit of William Gaines that on September 1, 1936, Roosevelt Miller asked William Gaines to apply for marriage license for him, Miller told Gaines he was fourteen years of age, but that Gaines nevertheless did apply for the license on Miller's behalf; and

2. A death certificate of Roosevelt Miller, upon information supplied by Mamie Miller, giving date of birth as September 8, 1920.

Therefore it is evident that substantial conflicts in evidence were apparent throughout the record.

### Conclusions of Law

■ Where conflicts in evidence appear the trial examiner is to be the sole judge of credibility. 42 United States Code Annotated, § 405(g).

■ Although the law provides a strong presumption in favor of the validity of the second marriage and the legitimacy of children, substantial evidence appears in the record of the trial examiner to rebut that presumption if the trial examiner chose to believe that evidence.

The marriage application of Roosevelt Miller and Rochelle Huckleberry, the Social Security application of Roosevelt Miller, and the birth certificate of Theodore Miller, would each be evidence against the presumption of the validity of the second marriage. Taken together these documents constitute sufficient evidence to rebut the presumption against the invalidity of the second marriage.

■ In addition the United States of America is not bound by the holding of the Probate Court (Martin v. Ribicoff, D.C., 195 F.Supp. 761 at page 768). In that case, however, it was the Court of Record of Tennessee involved which would be even stronger than a holding of any Probate Court in the State of Michigan, which is not a court of record. We would hold this particularly true where the Federal government was not made a party to the hearing.

The decision of the trial examiner denying Social Security benefits to Mamie Miller is affirmed.