**Joyce M. ALGER, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

**No. NA 63-C-25.**

United States District Court
S. D. Indiana,
New Albany Division.
July 28, 1965.

Richard P. Stein, U. S. Atty., Indianapolis, Ind., for defendant.

Leo J. Kriner, Kriner & Harman, Indianapolis, Ind., Richard L. Mattox, Orbison, Rudy & O'Connor, New Albany, Ind., for plaintiff.

## MEMORANDUM OPINION

DILLIN, District Judge.

The plaintiff brought this action to review a final decision of the Secretary, denying the plaintiff's application on behalf of her twin children, Jennifer M. Allseitz and Edwin A. Allseitz, Jr.,

as authorized by the Social Security Act, as amended, 42 U.S.C.A. § 402(d).

This Court has jurisdiction of the action pursuant to 42 U.S.C. § 405(g). It has been submitted upon the transcript of the record, including the additional record made on a previous remand to the Secretary, and the defendant's motion for summary judgment.

The facts of this case are that plaintiff and the deceased wage earner, Edwin A. Allseitz, were engaged to be married. A few days before the scheduled wedding the wage earner was killed in an automobile accident. At the time, plaintiff was pregnant with the child claimants, Edwin, Jr. and Jennifer M. Allseitz. The wage earner had acknowledged the children in ventre leur mere to be his. After the death of the wage earner, plaintiff obtained a decree from the Juvenile Court of Marion County, Indiana, establishing Edwin A. Allseitz to be the father of the twins. Subsequently, the Circuit Court of Johnson County, Indiana, held that the child claimants were the "sole and only heirs at law" of the deceased wage earner. The plaintiff claims that pursuant to the last mentioned ruling, the children have inheritance rights under the Indiana law of intestate succession and thus must be found entitled to child's benefits under the Social Security Act.

The provision of the Social Security Act governing this case is 42 U.S.C. § 416(h) (2) (A), which reads, in pertinent part, as follows:

"In determining whether an applicant is a child * * * for purposes of this title, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property * * * if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death * * * Applicants who according to such law would have the same status relative to taking intestate personal property as a child * * * shall be deemed such."

It is undisputed that the deceased wage earner was domiciled in Indiana at the time of his death. Under Indiana law, in order for an illegitimate child to inherit from his father, either "(1) the paternity of such child (must have) been established by law, during the father's lifetime; or (2) * * * the putative father (must have married) the mother of the child and (acknowledged) the child to be his own". Burns' Ind.Stat. § 6–207(b). The Secretary has determined that neither of these requirements has been met—(1) paternity was not established by law until after the wage earner's death, and (2) although there was acknowledgment, the requisite marriage did not occur. These facts are more than amply supported by substantial evidence, notwithstanding the decree of the Johnson Circuit Court. The findings of a state court are not binding upon the Secretary, and he is entitled to make an independent determination in such a case. Miller v. Ribicoff, 198 F. Supp. 819 (E.D.Mich.1961); Martin v. Ribicoff, 195 F.Supp. 761, 772 (E.D. Tenn.1961); Nigro v. Hobby, 120 F. Supp. 16, 19 (D.Neb.1954).

In his supplemental memorandum in support of his motion for summary judgment, the Secretary concedes that the result of denying benefits in this case may well be a harsh one. He suggests that this harshness is caused by the application of state law, and that the remedy lies in appealing to state authorities to change the law. While this might be theoretically correct, we feel constrained to submit that, as a practical matter, the administration of estates encompasses a multitude of problems of larger consequence to any given state than the distribution vel non of federal social security benefits.

It would appear that the appeal for relief from such unfortunate results would more properly be lodged with Congress. The entire social security scheme is financed uniformly throughout the United States, and administered by the federal government. It seems appropriate that the distribution of benefits

be handled with similar uniformity. Such handling would no doubt go a long way toward eliminating fortuitous disparities and the harsh consequences which this case exhibits.

At one time, a constitutional question might well have been raised as to the power of Congress to adopt by reference the future acts of state legislatures, as it has done in 42 U.S.C. § 416(h) (2) (A). See, e. g., Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834. This issue was apparently closed in United States v. Sharpnack, 355 U.S. 286, 78 S.Ct. 291, 2 L.Ed.2d 282. Yet, while the legislation in issue does not present a question of constitutional magnitude, it certainly raises a question of policy to which the Congress might well give further attention.

For the reason that the Secretary's decision is based upon substantial evidence, his motion for a summary judgment is hereby granted.

The Clerk will enter judgment for the Secretary in accordance with the above ruling.