Rae ZELDMAN, Plaintiff,

v.

Anthony CELEBREZZE, Secretary of Health, Education and Welfare, United States of America, Defendant.

Civ. A. No. 64–C–1160.

United States District Court
E. D. New York.

Oct. 20, 1965.

P. Benjamin Kaufman, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., by George Barnett, Asst. U. S. Atty., for defendant.

MISHLER, District Judge.

This proceeding is brought pursuant to Social Security Act § 205(g), 42 U.S.C. § 405(g), for judicial review of a final decision of the Secretary of Health, Education and Welfare (Secretary). That decision denied the claim of plaintiff, Rae Zeldman, for wife's insurance benefits based upon the Social Security earnings record of one, Harry Zeldman, on the ground that she is no longer his wife within the meaning of Social Security Act § 216, 42 U.S.C. § 416.

Harry Zeldman, the wage earner, and fully insured under the Act, became entitled to old-age insurance benefits in January of 1961. Subsequent thereto, and on August 24, 1961, plaintiff filed an application for wife's insurance benefits pursuant to Social Security Act § 202(b), 42 U.S.C. § 402(b). The New York Payment Center, by letter dated April 18, 1962, determined that plaintiff is not legally married to the wage earner and that she does not qualify under the deemed marriage provision of the Act (Social Security Act § 216(h) (1) (B), 42 U.S.C. § 416(h) (1) (B)). A request for reconsideration was then filed; and an affirmance of the former determina-

tion was issued February 7, 1964. Plaintiff thereupon requested a hearing and such hearing was scheduled and held on June 17, 1964. The Hearing Examiner, after hearing the testimony and receiving exhibits into evidence, and on July 31, 1964, held that plaintiff is not entitled to wife's insurance benefits. On November 3, 1964, the Appeals Council denied plaintiff's request for review of the Hearing Examiner's action. Thereafter, and on December 2, 1964, the instant action was timely commenced with the filing of the complaint.

Both parties have filed motions for summary judgment for the purpose of review.

The undisputed facts are as follows:

The wage earner's first marriage to Anna Shatz was terminated by the issuance of a final decree of divorce by Supreme Court, Kings County, State of New York on January 30, 1924. That decree prohibits the wage earner from again remarrying in the State of New York unless permission is first obtained from that Court. The wage earner married plaintiff in New Jersey on March 6, 1925, and they thereafter lived together as man and wife in the State of New York. On July 17, 1939, the wage earner was judicially declared an incompetent by a Justice of the Supreme Court, Queens County, State of New York. Plaintiff was appointed committee of the person and property of the wage earner and duly qualified as such committee. In the latter part of 1947, the wage earner left for Florida with the full knowledge and consent of plaintiff, as committee. After residing in Florida for approximately six months, and on February 4, 1948, the wage earner instituted an action for divorce in the Dade County Circuit Court. Constructive service by mail was effected upon plaintiff in New York. Upon receipt of the summons and complaint, plaintiff, by letter, advised the Florida court that the wage earner was an adjudicated incompetent; plaintiff, however, made no appearance and served no answer in that action. The Florida court granted an ex parte decree of divorce on April 20, 1948. Thereafter, and during a continued residence in Florida, the wage earner remarried twice, once to Esther Wolf and once to Esther Lane. Both marriages ended in divorce.

Upon his arrival in Florida, the wage earner commenced operation of a repair shop for the jewelry trade and continued this business for four years. He next operated a concession in a Food Fair Store. Upon the termination of his lease, the wage earner leased a store adjacent to the prior location and operated his business at that establishment from 1950–1953; and he was engaged in business in Florida until 1956.

Plaintiff, in 1957, moved, in Supreme Court, Queens County, for permission to institute an action against the wage earner for a judgment declaring the Florida divorce void. Such motion was granted. Matter of Zeldman, 1957, Sup.Ct., 9 Misc. 2d 580, 170 N.Y.S.2d 117. Institution of the action, however, occurred subsequent to the filing of plaintiff's claim for wife's insurance benefits. Findings of Fact and Conclusions of Law were filed by Justice Margett, Supreme Court, Queens County, State of New York, on January 13, 1964, declaring the Florida divorce void on the grounds that the wage earner was an adjudicated incompetent at the time the Florida divorce decee was obtained; that, accordingly, the Florida court lacked jurisdiction of the parties and subject matter of such action; and, that the first marriage between the wage earner and plaintiff was valid and subsisting; and declaratory judgment to that effect was entered that same date.

On February 26, 1958, the wage earner was duly adjudged competent to manage his affairs by a Justice of the Supreme Court, Queens County, State of New York.

The wage earner returned to New York in 1960 and married plaintiff for the second time at the City Clerk's Office in Jamaica, New York, on May 17, 1960. They separated by order of the Family Court of New York City in December 1960 and have not cohabited since.

## I. *The Law Applicable in Determining Family Status*

The Social Security Act, unlike other Federal Acts, sets forth in unequivocal terms that state law is to be applied in determining family status; Social Security Act § 216(h), 42 U.S.C. § 416(h) (quoted in part infra at p. 170); Seidelson & Bowler, Determination of Family Status in the Administration of Federal Acts: A Choice of Law Problems for Federal Agencies and Courts, N.Y.L.J., August 12, 1965, p. 1, col. 4; and the applicable state law is that of the insured. 42 U.S.C. § 416(h) (1) (A); 20 C.F.R. § 404.1101(a); Broden, Law of Social Security and Unemployment Insurance § 7.13 (1962).

■ Neither the Secretary nor his delegates made express findings as to the present domicile of the wage earner. Nevertheless, the administrative decisions in question uniformly apply New York law, and there is every indication throughout the record that New York was the wage earner's domicile at the time of the filing of the application in question. A finding of New York domicile is implicit in the administrative decisions, and this is sufficient to satisfy the requirements of section 216(h) (1) (A) (42 U.S.C. § 416(h) (1) (A)); therefore, the law of the State of New York is to be applied in determining family status.

We now turn to a consideration of the legal issues herein presented:

## II. *Whether Plaintiff is the Legal and Lawful Wife of the Wage Earner by Virtue of Their Second Marriage in New York in 1960*

■ During oral argument, the second marriage between plaintiff and the wage earner (May 17, 1960) was conceded to be void. Despite plaintiff's concession the Court believes that a few words are in order. It has not been shown that the wage earner's first wife, Anna Shatz, is deceased and the presumption remains that she is alive. In late 1961, the wage earner had contact with Anna Shatz's brother and was led to believe that she was then alive. In its Re-

consideration Determination the Social Security Administration stated: "The information of record establishes that Mr. Zeldman's first wife, Anna Shatz, is still alive. * * *" Plaintiff bears the burden of proof, Erickson v. Ribicoff, 1962, 6th Cir., 305 F.2d 638; and "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, are conclusive in an action such as this." Crooks v. Folsom, 1957, E.D.N.Y., 156 F. Supp. 631; Social Security Act § 205(g), 42 U.S.C. § 405(g). Plaintiff has not shown to the contrary, and there is substantial evidence in the record to support the Secretary's findings.

■ Due to the prohibitive provision of the New York divorce decree above referred to, it is clear that the wage earner's remarriage to plaintiff is bigamous and void ab initio, though there has been no formal decree declaring it to be a nullity. De Santis v. De Santis, 1951, Sup.Ct., 20 Misc.2d 16, 103 N.Y.S.2d 419.

## III. *Whether This Court is Bound by the New York Judgment Declaring the 1925 Marriage of Wage Earner and Plaintiff as Valid and Subsisting*

Section 216(h) (1) (A) of the Act (42 U.S.C. § 416(h) (1) (A)) states in part:

"An applicant is the wife * * * of a fully or currently insured individual for purposes of this subchapter if the courts of the State in which such insured individual is domiciled at the time such applicant files an application * * * would find that such applicant and such insured individual were validly married at the time such applicant files such application * * *."

Interpretation of the phrase "if the courts of the State * * * would find that such applicant and such insured individual were validly married" is necessary to the ultimate determination of the motions now before this Court.

■ Extensive research into the legislative history of the Social Security Act, and especially section 216(h) (formerly § 209(m) and (n)), has provided no aid. See Hearings Relative to the Social Se-

curity Act Amendments of 1939 before the House Committee on Ways and Means, 76th Cong., 1st Sess.; H.R.Rep. No.728, 76th Cong., 1st Sess.; S.Rep.No. 734, 76th Cong., 1st Sess.; 84 Cong.Rec. 6933 (1939); S.Rep.No.1669, 81st Cong., 2d Sess. U.S.Code Congressional Service, p. 3287. Case law, however, provides some insight into the interpretation given such language by the Federal courts. In Magner v. Hobby, 1954, 2d Cir., 215 F.2d 190, cert. denied, 1955, 348 U.S. 919, 75 S.Ct. 305, 99 L.Ed. 721, a case involving child's benefits, the claimant argued that the legitimacy of a minor child must be determined under the law of New York and that "the only court having jurisdiction to make such a determination is the Supreme Court of New York." In answering this contention the Court ruled that the Administrator [now the Secretary] has the authority to make such determination for the purposes of section 216(h)(1) [42 U.S.C. § 416(h)(1)]. The ruling is explained as follows:

> "That duty is to apply *in the absence of any determination by the New York courts*, 'such law as would be applied' by them 'in determining the devolution of intestate personal property' of the decedent in a proper action for such a determination in the state court." [Italics supplied.]

Id., 215 F.2d at 195; cf. Robles v. Folsom, 1956, 2d Cir., 239 F.2d 562, cert. denied, 1957, 353 U.S. 960, 77 S.Ct. 869, 1 L.Ed.2d 911. The import of this decision is clear. If a state court has previously determined the very issue before the Secretary, then he should accept such determination as the law of the state. Bloch v. Ewing, 1952, S.D.Cal., 105 F. Supp. 25, cited by the Secretary in support of the proposition that the statutory language means that he is not bound by the finding of a particular domiciliary court, is in accord. That case did not involve a previous state court determination and the court simply held that it would not be bound by decisions of the New York City Surrogate's Court when other New York courts had concurrent

jurisdiction over the particular issue to be adjudged.

■ Implicit in the language used by the Court in Magner v. Hobby, supra, is the incorporation of the principles in respect of final judgments into the statutory language herein quoted. Thus, when a final judgment is rendered by a state court, and the precise issue there decided then arises in an action in the federal court, the former judgment is determinative of that issue for all purposes, Ballard v. First Nat'l Bank, 1958, 5th Cir., 259 F.2d 681; Goldfarb v. Wright, 1943, 2d Cir., 135 F.2d 188; see Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109; and the fact of its binding effect is not dependent upon its correctness. United States for Use and Benefit of Larkin v. Maryland Cas. Co., 1942, D.Mass., 45 F.Supp. 286. The Secretary argues, however, that he was neither party nor privy to the New York declaratory judgment action and is not bound thereby. In support of this position he relies upon Miller v. Ribicoff, 1961, E.D.Mich., 198 F.Supp. 819 and Nigro v. Hobby, 1954, D.Neb., 120 F. Supp. 16, among others. In *Miller* the issue was whether plaintiff was the lawful wife of the insured. Plaintiff had obtained an order from the Probate Court of Wayne County granting her all of the assets of the insured. The Court held the Secretary not to be bound since the state court was not a court of record and then added the following dicta, 198 F. Supp. at p. 821: "We would hold this particularly true where the Federal government was not made a party to the hearing." This Court has no quarrel with this decision, King v. Order of United Commercial Travelers, 1948, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608, or the dicta contained therein. The Probate Court did not expressly determine marital status, but only decided that plaintiff therein was entitled to the assets of the insured; and the Secretary would not be bound by such an *in personam* ruling. Again, in Nigro v. Hobby, 1954, D.Neb., 120 F.Supp. 16, a federal court, this time in an action under the

Social Security Act, held that it was not bound by a decree of a probate court. In so doing it indicated that the Administrator [now the Secretary] was not a party to the probate proceedings "and the money sought to be recovered in this action [the federal action] was not part of the res over which the probate court exercised jurisdiction." Id. at 19. On the other hand, when marriage, a status or res is in issue, and there has been a state adjudication declaring such status, the Secretary, as well as the federal courts, should be bound by such declaration. Thus, in Headen v. Pope & Talbot, Inc., 1958, 3d Cir., 252 F.2d 739, a South Carolina court had previously declared the validity of a second marriage. The Third Circuit, holding itself bound by that declaration, stated that such "adjudication the primary purpose of which was to declare the status of individuals" possessed the characteristics of a proceeding in rem. "Being a decree in rem, its adjudication * * * was conclusive on the world, even in subsequent actions on different subject matters." Id. at 744; see Live Stock Nat'l Bank of Chicago v. United States, 1939, 7th Cir., 106 F.2d 240. Such in rem adjudication must be given binding effect, however, only when it is a final judgment, and then only so far as status is concerned. Restatement, Judgments § 74 (1942). The Court does not here decide whether the Secretary must give full faith and credit to the judicial proceedings of the courts of a State. See 28 U.S.C. § 1738; Estate of Borax, 1965, 2d Cir., 349 F.2d 666, 676 (dissenting opinion of Friendly, C. J.).

 The New York Supreme Court, a court of record, has been granted exclusive general jurisdiction with respect to the declaration of the validity vel non of marriages and foreign divorce decrees, N.Y.Const. art. 6, § 1; N.Y.Civ. Prac.Law & Rules § 3001; N.Y. Judiciary Law § 140–b; Langerman v. Langerman, 1952, 303 N.Y. 465, 104 N.E.2d 857; Lowe v. Lowe, 1934, 265 N.Y. 197, 192 N.E. 291; Harris v. Harris, 1952, 4th Dep't, 279 App.Div. 542, 110 N.Y.S.2d 824; and such declarations have the force

of final judgments. Long v. Long, 1953, 1st Dep't, 281 App.Div. 254, 119 N.Y.S. 2d 341. On January 13, 1964, in a declaratory judgment action brought by the plaintiff herein, and in which the wage earner interposed an answer setting up his ex parte Florida divorce decree as a defense, it declared that the divorce was void and of no effect, and further that the first marriage between plaintiff herein and wage earner remained valid and subsisting; and no appeal was taken therefrom.

 It is of no consequence that this judicial pronouncement was rendered subsequent to the time of the filing of plaintiff's application for insurance benefits. The New York judgment declared, in effect, that wage earner and plaintiff have been validly married since March 6, 1925, and that plaintiff is the wage earner's lawful wife. This judgment is final and it determines the status of the plaintiff as of the date of the filing of her application for wife's benefits, as well as at all other times. Accordingly, the Secretary is estopped from considering anew the validity vel non of plaintiff's first marriage to the wage earner and the state determination on that issue is unassailable. Therefore, this Court finds as a matter of law that plaintiff is the wife of the wage earner within section 216(h) (1) (A) of the Social Security Act [42 U.S.C. § 416(h) (1) (A)] and that she is entitled to wife's insurance benefits pursuant to Social Security Act § 202(b) (1), 42 U.S.C. § 402(b) (1).

 It should be noted that the Court makes no determination with respect to the correctness of the New York Supreme Court's decision. United States for Use and Benefit of Larkin v. Maryland Cas. Co., supra. Exploration into decisional law to determine what "the Courts of the state * * * would find" is inappropriate, when, as here, a court of competent jurisdiction did in fact find.

Plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.

Settle order on two (2) days notice.