## MATTER OF KWAN

## In Visa Petition Proceedings

### A-10902646

### *Decided by Board May 28, 1965*

Notwithstanding beneficiary's purported prior marriage in China and the existence of the alleged prior wife who is asserting the validity of that marriage, his subsequent marriage in Caracas, Venezuela in 1955 to petitioner, a U. S. citizen, is valid for immigration purposes and serves to confer nonquota status since a judgment of the Circuit Court of the State of Michigan, pursuant to section 25.84, Michigan Statutes Annotated, affirming the validity of the 1955 marriage, is accorded recognition, even though alleged first spouse was not served with process.

The case comes forward pursuant to motion of the General Counsel, Immigration and Naturalization Service, dated April 19, 1965 requesting that our order of March 29, 1965 be reconsidered and, upon reconsideration, that the appeal be dismissed.

We will briefly review the facts. The record relates to a visa petition filed by a native of China, a citizen of the United States through parentage, and holder of Certificate of Citizenship AA 222222, who seeks nonquota status on behalf of her husband, a native and citizen of China. The parties were married on September 8, 1955 in Caracas, Venezuela. The visa petition indicated that neither of the parties was previously married. The couple has three minor children, one of who was born in Venezuela, and the last two in the United States.

The beneficiary was the subject of a report of investigation which indicated that one Mrs. Kwan Chung-Kwong nee Wong Pui Ngan had requested the assistance of the Hong Kong office in locating the beneficiary who is alleged to be her husband. The beneficiary denied that he considered himself married to this woman because he did not sign the marriage certificate and because they never lived together and did not consider that he was deserting her because she was not his wife, although a Chinese marriage certificate indicated that the parties had been married. The beneficiary ex-

plained that he had promised his mother a girl to serve her so that she would not commit suicide but could not treat her as his wife and had previously refused request for money while living in Caracas, Venezuela because he denied liability for her support.

Apparently in an effort to lay at rest any doubts as to the validity of the marriage between the petitioner and the beneficiary, the petitioner obtained a judgment pursuant to section 25.84 of Michigan Statutes Annotated which was entered on January 24, 1964 in the Circuit Court for the County of Wayne, Detroit, Michigan finding no evidence that the prior purported marriage of the husband was valid and decreeing that the marriage entered into by the petitioner and the beneficiary on September 8, 1955 is a valid marriage, each of the parties having no impediment to enter into such a contract and finding that the parties are duly and legally married and that the legal status of the plaintiff-petitioner is that of the wife of the defendant-beneficiary. Although expressing our concern with the procedure used to establish the validity of the instant marriage, we felt constrained to recognize the decree of a court of the State of Michigan declaring the marriage to be a valid one.

The Service motion takes issue with the proceeding under section 25.84, Michigan Statutes Annotated, contending that the beneficiary has left open the door to a contest by his alleged first wife in China as to the validity of his present marriage, since she was not a party to the section 25.84 action and was not bound by the judgment therein. It is further set forth that it is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he was not designated as a party or to which he has not been made a party by service of process and that a judgment rendered in such circumstances is not entitled to the full faith and credit which the Constitution and the statute, 28 U.S.C. 1783, prescribe, citing *Hansberry* v. *Lee*, 311 U.S. 32 and *Pennoyer* v. *Neff*, 95 U.S. 714.

The judgment affirmation of marriage was obtained pursuant to section 25.84, Michigan Statutes Annotated, which provides:

"When the validity of any marriage shall be denied or doubted by either of the parties, the other party may file a bill or petition in the manner aforesaid, for affirming the marriage; and upon due proof of the validity thereof, it shall be declared by a decree or sentence of the court; and such decree, unless reversed on appeal, shall be conclusive upon all persons concerned.

The Service in its motion contends that section 25.84 was never intended for use to declare a prior marriage invalid because no provision is made to join as a party the prior spouse and that all cases annotated thereunder are actions raising questions as to

206

whether a common-law marriage existed between the plaintiff and defendant and not whether a previous marriage of either party was void. The motion suggests that the defendant-beneficiary should have sought annulment of his first marriage under section 25.83, Michigan Statutes Annotated which provides:

When a marriage is supposed to be void, or the validity thereof is doubted, for any of the causes mentioned in the two preceding sections, either party, *excepting in the cases where a contrary provision is hereafter made,* may file a petition or bill in the circuit court of the county where the parties or one of them reside, or in the court of chancery for annulling the same, and such petition or bill shall be filed and proceedings shall be had thereon, as in the case of a petition or bill filed in said court for a divorce; and upon due proof of the nullity of the marriage, it shall be declared void by a decree or sentence of nullity. (Emphasis supplied.)

Section 25.83, M.S.A. is entitled "Marriage of doubtful validity; procedure to annul." Section 25.84 is entitled "Same: procedure to affirm." Section 25.83 is a procedure to annul a void marriage or a marriage of doubtful validity for any of the causes mentioned in the two preceding sections: section 25.81, incestuous or bigamous marriages or of marriage of insane person; and section 25.82, marriage under age of consent, marriage by fraud, lack of cohabitation. Section 25.84 is specifically included in section 25.83 by the language "excepting in the cases where contrary provision is hereafter made." It is obvious that section 25.84 is a case where a contrary provision has thereafter been made. While it is true that the first three cases cited in the motion, *Judson* v. *Judson,* 147 Mich. 518, and *Lockwood* v. *Lockwood,* 220 Mich. 124, and *Pillard* v. *Pillard,* 230 Mich. 575, involve common-law marriages, the case of *Young* v. *Wehmeier,* 369 Mich. 110, held that in a proceeding under section 25.84, the fact which must be shown is that one of the parties to the alleged marriage must deny or doubt such relationship and dismissed the case because of the failure of one of the parties to deny or doubt the marriage relationship.

In *Headen* v. *Pope and Pope, Inc.,* 252 F.2d 739 (3d Cir. 1958); there was involved a 1954 proceeding under a similar South Carolina statute, section 20-42, Code of South Carolina, which reads: "When the validity of a marriage shall be denied or doubted by either of the parties, the other may institute a suit for affirming the marriage and, upon due proof of the validity thereof, it shall be decreed to be valid and such decree shall be conclusive upon all persons concerned." The court held that the proceeding under that statute was an ajudication, the primary purpose of which was to declare the status of individuals, and to that extent, it possessed characteristics of a proceeding *in rem.* The court cited two divergent lines of

cases, one holding that a declaration of status is not admissible or conclusive upon third persons where the declaration was not the ultimate decree but an *in rem* finding upon which the decree was based and a contrary holding in Pennsylvania that an adjudication *in rem*, will be conclusive upon the world, citing cases. The court stated that nothing which was said in consideration of the 1954 South Carolina decree should be interpreted as an intent to foreclose an attack upon the jurisdiction of the South Carolina court.

In the instant case we have in evidence a marriage certificate showing that the parties married in accordance with law. In addition, there has been submitted a decree of affirmation by a state court confirming the prior marriage of the beneficiary. The legal presumption which favors the validity of every ceremonial marriage is one of the strongest presumptions known to law and ordinarily would yield only in the face of the most compelling proof.[1] In the instant case it is conceded that the alleged first wife of the defendant-beneficiary was not served with process.

There is present in this case a complex question involving the legal effect of a decree of affirmation of a marriage rendered by the court of a sister state before whom both parties were present but in which the alleged prior spouse had not been served with process. Involved are questions of whether the state decree is a judgment *in rem* or a judgment *in personam*. Exploration of the ramifications of the legal questions presented would inevitably lead into labyrinths of jurisdiction, domicile, residence and status with no satisfactory goal and an involvement in complexities utterly foreign to the responsibilities of administrating the immigration laws. It would not appear to be sound administrative practice to expect immigration officers to pause in executing their exacting duties to embark upon the collateral inquiry as to whether state decrees were supported by proper jurisdiction and such inquiry would impede the expeditious administration of the immigration laws. The wisest course would be to accept at face value the marital status recognized in conformity with the laws of the state. In adopting this policy, the requirements of the law would be adhered to, proper effect would be given to judgments and proceedings of a sovereign state, and reasonable safe-guards would thereby be erected to protect a properly solemnized marital relationship; and the adoption of such a policy would unquestionably facilitate the administration of the immigration laws.[2]

---

[1] Schouler, *Marriage, Divorce, Separation and Domestic Relations* (6th Ed., Vol. 2, p. 1477); Wigmore on *Evidence* (3d Ed., Vol. 9, p. 370)

[2] *Matter of F—*, 8 I. & N. Dec. 251.

For the reasons set forth above, it is felt that the judgment under section 25.84 of the Michigan State Statutes to affirm a marriage of doubtful validity should be accorded recognition. This conclusion does not foreclose the alleged first wife from attacking the jurisdiction of the Michigan court to render such a decree. The cases cited by the Service, *Hansberry* v. *Lee* and *Pennoyer* v. *Neff*, do not appear controlling, since the former deals with the effect of a class action and the latter discusses the effect of an *in rem* judgment and an in personam judgment. For immigration purposes, the marriage will be considered as valid. The motion will be denied.

**ORDER:** It is ordered that the motion be and the same is hereby denied.