MATTER OF KITSALIS

In Visa Petition Proceedings

A-13840192

*Decided by Board April 25, 1966*

Petition by United States citizen, pursuant to section 204(a), Immigration and Nationality Act, as amended, to accord "immediate relative" status under section 201(b) of the Act to his wife, the beneficiary, upon the basis of their marriage in 1964 is denied because a valid marriage for immigration purposes does not exist at the present time as the marriage has not been consummated, the parties are not now living together and have never lived together in a husband and wife relationship.

The case comes forward on appeal from the order of the District Director, Boston District, dated January 21, 1966, denying the visa petition for the reason that the petitioner's marriage to the beneficiary is not considered a bona fide marriage within the meaning of section 201(b) of the Immigration and Nationality Act, as amended, pursuant to section 204(a) of the same Act.

The petitioner, a native of Greece and a naturalized citizen of the United States, 62 years old, male, filed a visa petition on August 28, 1964, seeking nonquota status under the Immigration and Nationality Act, (now immediate relative status under the provisions of section 201(b) of the Immigration and Nationality Act, as amended, by the Act of October 3, 1965). The beneficiary is a native and citizen of Greece, 38 years old, female. The parties were married on June 22, 1964, at Nashua, New Hampshire.

The notice of denial by the District Director, Boston District, is accompanied by a memorandum. The evidence discloses a curious marital situation. The petitioner testified that he was introduced to the beneficiary through correspondence by a priest; that he first met her two or three months before their marriage; and met her two or three times before they were married on June 22, 1964. Both parties agree that they have never slept together and have never had marital relations. The evidence further establishes that the petitioner and the beneficiary have never lived together as husband and wife

in a common apartment although they visited each other in homes in Bronx, New York; Nashua, New Hampshire; and Bedford, Massachusetts. The beneficiary gave birth to a child on July 9, 1965, and both parties agree that the petitioner is not the father of the child. The petitioner is unwilling to assume the responsibility for the beneficiary's child, but is willing to provide a home for her if she will join him without the child. The petitioner refused to marry the beneficiary in a religious ceremony after she became pregnant, since he well knew the child was not his. The beneficiary states that the petitioner will marry her religiously when her father takes the child to Greece. Additional evidence in the file indicates that the beneficiary still has the care and custody of the child and that the parties are not living together.

The burden of establishing eligibility for a benefit sought under the immigration laws rests upon the petitioner. As indicated above, the parties have never lived together; no religious ceremony has been performed; the marriage has never been consummated; and the beneficiary has given birth to an illegitimate child. Where no bona fide husband-wife relationship is intended, the marriage is deemed invalid for immigration purposes regardless of whether it would be considered valid under the domestic law of the jurisdiction where performed.[1]

In view of all the circumstances of the case, upon the present record we cannot find that a bona fide husband and wife relationship for immigration purposes exists at the present time. It is concluded that the petitioner has failed to carry his burden of establishing a bona fide husband and wife relationship. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[1] *Matter of M—*, 8 I. & N. Dec. 217.