MATTER OF NORTON

In Visa Petition Proceedings

A-17083591

*Decided by Board October 16, 1967*

Since the Mexican mail-order divorce dissolving beneficiary's prior marriage con-
tracted in the Philippine Islands (both parties thereto nationals of the Philip-
pines) is not recognized as valid in Michigan, the State in which she married
petitioner, a United States citizen, in October 1966 and in which they both
reside, the subsequent marriage is not valid and, therefore, does not serve to
confer immediate relative status on her.

ON BEHALF OF PETITIONER: James L. Elsman, Esquire
2034 Guardian Building
Detroit, Michigan 48105

The petitioner, a naturalized citizen of the United States, appeals
from an order entered by the District Director at Detroit, Michigan on
May 16, 1967 denying his petition for immediate relative classification
of Victoria J. Norton as his wife. Exceptions have been taken to the
finding that the petitioner has failed to establish that a bona fide mar-
riage relationship exists between the petitioner and the beneficiary.

The petitioner is a citizen of the United States, naturalized at
Detroit, Michigan on December 20, 1960. He married the beneficiary, a
citizen of the Republic of the Philippines, at Plymouth, Wayne
County, Michigan on October 28, 1966. The District Director deems the
purported marriage to be invalid for immigration purposes for the
reason that the divorce granted by the Court of the Judicial District of
Hidalgo, State of Tlaxacala, Republic of Mexico is not considered valid
in Michigan since the court in Mexico did not have jurisdiction over the
parties.

The beneficiary in an affidavit executed on March 9, 1967 concedes
that she obtained the divorce through an attorney to whom she had
given a power of attorney; that she was not present at the divorce
hearing and that to the best of her knowledge her former husband
was not present at the proceeding. The record contains a letter from
an Assistant Attorney General of the State of Michigan dated July

490

14, 1967 which states in substance that a Mexican mail-order divorce is not recognized in the State of Michigan when the parties thereto are not within the jurisdiction of the Mexican court.

Counsel for the petitioner maintains that the divorce was valid under Philippine law; that the parties thereto are nationals of the Republic of the Philippines; that the parties consented to said divorce; that the consent conferred jurisdiction on the Mexican court; and that such a divorce has not been adjudicated by any Michigan court as invalid. Counsel cites no authority for his argument.

The generally accepted rule that the validity of a marriage is governed by the law of the place of celebration is applicable in this case.[1] The petitioner and the beneficiary were married in the State of Michigan. There is evidence of record that the marriage is not recognized in that state. Furthermore, Article 97 of the Civil Code of the Republic of the Philippines abolished divorce proceedings in 1949 for nationals of that country.[2]

Both the petitioner and the beneficiary reside in the State of Michigan. A state or country cannot exercise through its courts jurisdiction to dissolve a marriage when neither spouse is within the state.[3] There is evidence before us that the marriage of the petitioner and the beneficiary is not recognized by the State of Michigan. Accordingly, the appeal from the decision of the District Director denying the visa petition will be dismissed.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.

---

[1] *Matter of P—*, 4 I. & N. Dec. 619 (Actg. A.G., 1952).

[2] Cf., *Matter of Dagamac*, Int. Dec. No. 1445 (B.I.A., March 29, 1965).

[3] Restatement of the Law of Conflict of Laws, s. 111.