MATTER OF ALLISON

In Visa Petition Proceedings

A-17106722

*Decided by Board July 31, 1968*

Where evidence in the form of a decree of the District Court of Woodward
County, State of Oklahoma, establishes that the Mexican "mail order" divorce
obtained by the U.S. citizen petitioner, a resident of the State of Oklahoma,
is recognized as valid in Oklahoma, it is recognized as valid for the purposes
of petitioner's subsequent marriage in the Philippine Islands to beneficiary, a
native and citizen of the Philippines, and such marriage serves to confer on
beneficiary immediate relative classification. [*Matter of Dagamao*, 11 I. & N.
Dec. 109, distinguished.]

The case comes forward on appeal from the order of the Officer in
Charge, Manila, Philippines dated May 23, 1968 revoking the prior
approval of the visa petition on August 7, 1967 for the reason that the
Mexican divorce the petitioner secured against his first wife, Luz
Dacanay, is not acceptable as evidence of termination of his prior
marriage since neither party was present in the Mexican Court.

The petitioner, a native of the State of Oklahoma and a United
States citizen by birth, 56 years old, male, seeks immediate relative
status on behalf of the beneficiary as his wife. The beneficiary is a
native and citizen of the Philippines, 29 years old. The parties were
married at Mabalacat, Pampanga, Philippines on June 21, 1965. The
status of the husband is shown as divorced. The beneficiary has not
been previously married.

The petitioner executed a sworn statement before a Service officer
on May 23, 1968. He testified that on June 19, 1946 at Manila, Philip-
pines he was married to Luz Dacanay, a native and citizen of the
Republic of the Philippines. They had four children, ages 20, 19, 17
and 15 years, all born in the Philippines and all registered as United
States citizens at the United States Embassy at Manila. He separated
from his first wife in 1959 by mutual consent. In June 1964 he returned
from the Philippines to his home in Mutual, Oklahoma and subse-
quently contacted an attorney at El Paso, Texas who advised him that

he could obtain a Mexican divorce at Juarez, Chihuahua, Mexico and that it was not necessary for either party to appear in the Mexican Court. The petitioner secured the necessary documents and mailed them to the attorney and was never physically present in the court at Juarez, Chihuahua, Mexico, before or during the divorce proceedings and neither was his wife. He returned to the Philippines and his attorney mailed his divorce decree in early September 1964.

The file contains a copy and translation of the divorce decree obtained by the petitioner in the First Civil Court of the Bravos District, Chihuahua, Republic of Mexico on August 19, 1964. There is also a communication dated May 26, 1966 from the United States Embassy at Manila, Philippines disapproving the registration application as American citizens of the petitioner's children, Ana Marie Allison and Errol James Allison in the absence of evidence that his Mexican "mail order" divorce was valid and his subsequent marriage was legal. However, the petitioner was informed he would be afforded an opportunity, to present evidence that such divorce is recognized as valid under Oklahoma law. On June 21, 1967 the petitioner presented a decree of the District Court of Woodward County, State of Oklahoma finding the Mexican divorce valid in all respects and concluding that the bonds of matrimony existing by and between the parties thereto were dissolved by such decree; that the parties were divorced on August 19, 1964 by decree of divorce in the First Civil Court of the Bravos District of Mexico; and that it is a valid dissolution of the bonds of matrimony in full force and effect as of the date of the decree. On October 23, 1967 the United States Embassy at Manila informed the petitioner that the Department of State had approved the registration as American citizens of the petitioner's children, Ana Marie Allison and her brothers Errol James and Don Henry. The memorandum of the Officer in Charge reflects that this information was known to that office. However, the petitioner was advised that this Service does not recognize the Mexican divorce unless one or both of the principals involved were physically present in the court where the proceedings were held.

In *Matter of Dagamac*, 11 I. & N. Dec. 109, which involved a divorce obtained by the citizen husband from his Filipino wife, we held that absent a recognition of the validity of the petitioner's Mexican "mail order" divorce by the State of Washington, the state of residence and domicile of the petitioner, a United States citizen, it would not be recognized as valid in the Philippine Islands for the purpose of his subsequent marriage to the beneficiary, a native and citizen of the Philippines. However, the instant case differs in that there is evidence in the file in the form of a court decree of the petitioner's state of

residence and domicile, Oklahoma, that it recognizes and considers valid the Mexican divorce decree.[1] In view thereof the visa petition will be approved.

ORDER: It is ordered that the visa petition be approved for immediate relative status.

---

[1] Also see *Matter of Freeman*, 11 I. & N. Dec. 482; *Matter of Whitehurst*, Int. Dec. No. 1751.