MATTER OF HOEFFLIN

In Visa Petition Proceedings

A-19762445

*Decided by Board July 24, 1974*

Where petitioner, in an uncontested hearing in a Michigan circuit court, obtained a decree of validity of his marriage to beneficiary in Michigan in 1971 following a Mexican "mail order" divorce dissolving his prior marriage, and the Attorney General of the State of Michigan advised that the marriage should not be recognized as valid in the absence of further proof of the jurisdiction of the court to enter the decree in question, petitioner's marriage to beneficiary is not recognized as valid for the purpose of conferring second preference classification on her as his spouse. [*Matter of Kwan*, 11 I. & N. Dec. 205, and *Matter of Allison*, 12 I. & N. Dec. 835, distinguished.]

ON BEHALF OF PETITIONER:                ON BEHALF OF SERVICE:
J. C. Bruno, Esquire                    David L. Milhollan
2050 Guardian Building                  Appellate Trial Attorney
.Detroit, Michigan 48226

The lawful permanent resident petitioner applied for preference status for the beneficiary as his spouse under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated June 25, 1971, the district director denied the petition on the ground that a prior marriage of the petitioner had never been legally terminated. The petitioner has appealed from that decision. The appeal will be dismissed.

The petitioner and the beneficiary were married in Detroit, Michigan on January 2, 1971. The petitioner has admitted that he was married previously and that the divorce allegedly dissolving that prior marriage was of the "Mexican mail order" variety, with neither party being present or domiciled in Mexico.

Generally, the validity of a marriage is governed by the law of the place where the marriage was celebrated. *Matter of P—*, 4 I. & N. Dec. 610 (BIA 1952; Atty. Gen. 1952); *Matter of Levine*, 13 I. & N. Dec. 244 (BIA 1969). Therefore, the petitioner's present marriage is valid only if he was free to marry under Michigan law.

We have previously held that Mexican mail order divorces are not recognized in Michigan. *Matter of Norton*, 12 I. & N. Dec. 490 (BIA 1967). A letter in the record from the Attorney General of Michigan, dated October 15, 1971, indicates that there has been no change in the Michigan law. Consequently, the petitioner's marriage to the ben-

eficiary is not valid under Michigan law. We conclude that the district director's denial of the petition was correct.

While this appeal was pending, the petitioner instituted an action in a Michigan circuit court for the affirmance of his present marriage, naming the beneficiary as the defendant. The action was brought under Section 25.84 of the Michigan Statutes Annotated, which states:

> When the validity of any marriage shall be denied or doubted by either of the parties, the other party may file a bill or petition in the manner aforesaid, for affirming the marriage; and upon due proof of the validity thereof, it shall be declared by a decree or sentence of the court; and such decree, unless reversed on appeal, shall be conclusive upon all persons concerned.

A hearing was held before the court pursuant to the petitioner's motion for summary judgment. This proceeding was not adversary in nature. The petitioner's first wife was not made a party to or given notice of the action. Counsel appeared on behalf of the petitioner and asked him a few questions concerning his present marriage. The gist of the petitioner's testimony was that he had presented his Mexican divorce decree to the clerk of the court at the time he applied for a marriage license and that the clerk of the court had accepted it. No questions were asked regarding the jurisdiction of the Mexican court to render the divorce decree, and no specific mention was made of its mail order nature. The beneficiary's only statement on the record, in response to an inquiry by the judge, was that she wished to remain married to the petitioner.

The court rendered an order dated July 12, 1971, decreeing that the petitioner and the beneficiary were legally married on January 2, 1971, and that their marriage was valid.

That judgment was submitted to the district director, who in turn submitted it to the Attorney General of Michigan. In a letter dated October 15, 1971, the Attorney General advised the district director not to recognize the petitioner's present marriage as valid "unless and until you are presented with further documentation concerning the jurisdiction of the Circuit Court for the County of Bay to entertain whatever petition was made to that court."

The judgment, the Attorney General's letter, and a transcript of the proceedings in the circuit court have been made a part of this record. In addition, counsel has submitted a copy of the pleadings in the circuit court action.

Normally, we would remand the record to the district director for him to enter a decision based on the new evidence. However, the question presented is purely a legal one; all of the pertinent evidence is before us, and we have heard extensive oral argument on the issue of what effect should be given to the Michigan court decree. Consequently, there is no need to remand the case to the district director.

The petitioner could have obtained a valid Michigan divorce and remarried the beneficiary. He instead attempted to achieve the same result by a different procedure. It appears that the State of Michigan does not give recognition to such an attempt to circumvent her own laws.

The Michigan trial court decree is certainly entitled to no more effect in the present proceedings than it would be given in the State of Michigan. In his letter advising the district director not to recognize the decree, dated October 15, 1971, the Attorney General of Michigan stated that "it is the view of this office that no finding of validity for the previous divorce can be considered legally effective unless the court was fully advised with respect to the circumstances and took cognizance of the fact that it was a mail order decree with neither party present."

It appears that the State of Michigan does not consider the trial court decree to be determinative of the validity of the petitioner's prior divorce. There is no legal theory which compels us to give a state court decree more effect than it would have in the rendering state.

*Matter of Kwan*, 11 I. & N. Dec. 205 (BIA 1965), and *Matter of Allison*, 12 I. & N. Dec. 835 (BIA 1968), are distinguishable from the present situation. In neither of those cases was it evident that the decree would not be recognized in the rendering state.

We conclude that the petitioner has not terminated his prior marriage in accordance with the law of Michigan. Consequently, his present marriage to the beneficiary is not valid under the law of Michigan. The appeal will be dismissed. If the petitioner secures a valid Michigan divorce from his first wife and remarries the beneficiary, he may submit a new petition in her behalf.

ORDER: The appeal will be dismissed.

**Warren R. Torrington, Member, Concurring:**

Among the federal court cases cited in the dissenting opinion are *Zeldman* v. *Celebrezze*, 252 F. Supp. 167 (E.D. N.Y., 1965); *Collins* v. *Celebrezze*, 250 F. Supp. 37 (S.D. N.Y., 1966), and *Gray* v. *Richardson*, 474 F.2d 1370, 1373 (C.A. 6, 1973). In those cases, the courts interpreted the effect of state court decrees entered in *contested* domestic relations cases. Thus, those decisions do not govern the present entirely different factual situation, namely, the absence of any true contest, with which we are concerned.

The state court cases cited in the dissenting opinion (*Bair* v. *Bair*, 91 Idaho 30, 415 P.2d 673 (1966); *Presbrey* v. *Presbrey*, 6 App. Div. 2d 477, 480, 179 N.Y.S. 2d 788, 792 (1958), aff'd 8 N.Y.2d 797, 168 N.E.2d 135 (1960) and *Jackson City Bank & Trust Co.* v. *Fredrick*, 271 Mich. 538, 260 N.W. 908, 909 (1935)), do not appear to be relevant either. The

Idaho case held that a decedent's brothers and sisters who sought a declaration that they were his heirs at law had no standing to attack the validity of a divorce decree which the widow had secured prior to her marriage to the decedent. The New York case dealt with the *res judicata* effect of a judgment of separation which incorporated the terms of the separation agreement. The Michigan case dealt with an action brought by an administrator of an estate to set aside conveyances, and discussed the possibility of an error that a divorce court might previously have made in the exercise of its undoubted jurisdiction.

I concur in the decision of the majority.

**Maurice A. Roberts, Chairman, Dissenting:**

I respectfully dissent. I agree with the majority insofar as they have concluded that the presentation by the petitioner of an *in absentia* Mexican divorce decree is insufficient to establish the termination of his prior marriage under the law of Michigan. *Matter of Norton*, 12 I. & N. Dec. 490 (BIA 1967). However, I do not agree with the majority's conclusion that a Michigan state court decree affirming the petitioner's present marriage to the beneficiary has no effect in these proceedings.

Section 25.84 of the Michigan Statutes Annotated has been set forth in the majority opinion. It states that when the validity of a marriage is in doubt a party may "file a bill or petition in the manner aforesaid, for affirming the marriage. . . ." "In the manner aforesaid," must refer to the previous section, Michigan Statutes Annotated section 25.83, which states that a bill or petition may be filed "in the circuit court of the county where the parties, or one of them, reside. . . ."

There is no question but that the parties were domiciled in Michigan and resided in Bay County, and they also appeared in person before the court. The Bay County Circuit Court had jurisdiction both over the parties and over their marital status.

Section 25.84 states that the decree of the court, unless reversed on appeal, "shall be conclusive upon all persons concerned." [1] It is a general principle of law that an adjudication of marital status rendered by a

---

[1] "When there is a want of jurisdiction over the parties, or the subject-matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly. . . . But in cases where the court has undoubted jurisdiction of the subject-matter, and of the parties, the action of the trial court, though involving an erroneous exercise of jurisdiction, which might be taken advantage of by direct appeal, or by direct attack, yet the judgment or decree is not void though it might be set aside for the irregular or erroneous exercise of jurisdiction if appealed from. It may not be called in question collaterally." *Jackson City Bank & Trust Co.* v. *Fredrick*, 271 Mich. 538, 260 N.W. 908, 909 (1935).

court which has actual jurisdiction is conclusive on all persons with respect to the existence of that status, unless that adjudication is subsequently reversed on appeal or otherwise set aside pursuant to law. Restatement of Judgments, section 74 and comments (1942); Restatement (Second) of Judgments, section 74 and comments (Tent. Draft No. 1, 1973); see e.g., *Bair* v. *Bair,* 91 Idaho 30, 415 P.2d 673 (1966); *Presbrey* v. *Presbrey,* 6 App. Div. 2d 477, 480, 179 N.Y.S.2d 788, 792 (1958), aff'd 8 N.Y.2d 797, 168 N.E.2d 135 (1960); cf. *Williams* v. *North Carolina,* 325 U.S. 287 (1942); *Williams* v. *North Carolina,* 325 U.S. 226, 232 (1945). See also *Headen* v. *Pope and Talbot, Inc.,* 252 F.2d 739, 744 (C.A. 3, 1958), in which it was held that an adjudication under a South Carolina statute nearly identical to Michigan Statutes Annotated section 25.84 was conclusive upon the world, even in a subsequent action on a different subject matter.

Several federal courts have recognized a state court decree declaring marital status as determinative when that status was brought into question in the course of a federal administrative proceeding under the Social Security Act. *Zeldman* v. *Celebrezze,* 252 F.Supp. 167 (E.D. N.Y., 1965); *Collins* v. *Celebrezze,* 250 F.Supp. 37 (S.D. N.Y., 1966). Even federal courts which have held that the Government cannot be absolutely bound by a state trial court decree rendered in an action to which the Government was not a party have noted that special deference should be given to state court decrees in the area of domestic relations, since the states have traditionally been the sole arbiters of rights in that area. *Gray* v. *Richardson,* 474 F.2d 1370, 1373 (C.A. 6, 1973); *Collins* v. *Celebrezze, supra.* [2]

This is not the first time that the issue of the effect of a state court decree affirming a marriage has been before the Board. In *Matter of Kwan,* 11 I. & N. Dec. 205 (BIA 1965), the Board was faced with a decree under the very same Michigan statute. In that case we noted our concern both with the propriety of the procedure sanctioned by the Michigan statute and with the problem posed by the *in rem* effect of an adjudication of status. We concluded that the wisest administrative policy would be to accept the decree of the Michigan court as proof of a valid marriage under Michigan law. We applied a similar policy in *Matter of Allison,* 12 I. & N. Dec. 835 (BIA 1968), in which we accepted an adjudication from a court of the state of the petitioner's domicile

---

[2] *Collins* v. *Celebrezze, supra,* dealt with a Social Security claim based on a state court decree that the parties had entered into a common law marriage. The court stated: "If, as here, the state courts have decided the issue the Secretary [of H.E.W.] cannot summarily disregard that adjudication and proceed to re-decide *de novo* the issue of status. He cannot ignore what the state courts already determined on the spurious ground that he was not a party to the proceeding." 250 F. Supp. 37, at 41.

declaring that it recognized and considered valid the petitioner's Mexican divorce decree.

I wish to make it clear that nothing I have said is intended in any way to diminish the Service's unquestionable authority to attack a marriage which is entered into for the purpose of evading the immigration laws. It is well established that a sham marriage is entitled to no effect under the immigration laws, regardless of its validity under the applicable domestic law. *Matter of Gamero*, 14 I. & N. Dec. 674 (BIA 1974); *Matter of Kitsalis*, 11 I. & N. Dec. 613 (BIA 1966); *Matter of M—*, 8 I. & N. Dec. 217 (BIA 1958). However, in the present case there is no suggestion whatsoever that the marriage in question was entered into to evade the immigration laws.

The petitioner has presented the judgment of a Michigan state court of competent jurisdiction affirming his present marriage to the beneficiary. I believe that the matter should end there. In the absence of evidence that this judgment has been reversed on appeal or otherwise set aside according to the law, I would accept it as determinative of the petitioner's marital status under Michigan law. Consequently, I would grant the petition.

**Louisa Wilson, Member, Dissenting:**

I concur in the dissent of the Chairman. I believe the judgment of the Michigan court is determinative of the petitioner's marital status, and should be accepted in the present case. I would approve the petition.