## MATTER OF GAMERO

### In Visa Petition Proceedings

### A–19106174

*Decided by Board April 30, 1974*

Since under Article 121, Section IV, of the Constitution of Mexico, acts of a civil nature done in accordance with the laws of one state shall be valid in the other states, a final decree of divorce granted by a court in the State of Chihuahua, Mexico, dissolving the beneficiary's prior marriage in Mexico, would be recongized as valid in the State of Baja California, Mexico. Accordingly, beneficiary's subsequent marriage to the United States citizen petitioner in the State of Baja California, Mexico, is a valid marriage.

ON BEHALF OF PETITIONER:    Duncan Footman, Esquire
1795 Third Street
Napa, California 94558

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act. In a decision dated November 7, 1972, the District Director denied the petition on the ground that a prior marriage of the beneficiary had never been legally terminated. The petitioner has appealed from that decision. The record will be remanded to the District Director.

The beneficiary is a native and citizen of Mexico. He married his first wife, also a native and citizen of Mexico, in the State of Jalisco, Mexico, in 1958. The beneficiary's first wife obtained a divorce from him in the State of Chihuahua, Mexico, in January 1972. It appears from the decree that both parties submitted themselves to the jurisdiction of the court. However, it does not appear that either the beneficiary or his first wife was present before the divorcing court or domiciled in the State of Chihuahua at the time of the divorce. The beneficiary married the petitioner in the State of Baja California, Mexico, in September 1972.

Generally, the validity of a marriage is determined according to the law of the place of celebration. *Matter of P—*, 4 I. & N. Dec. 610 (BIA 1952; A.G. 1952); *Matter of Levine*, 13 I. & N. Dec. 244 (BIA 1969). Thus the beneficiary's marriage to the petitioner is legally

valid in the State of Baja California if that state recognizes the divorce obtained by the beneficiary's first wife in the sister state of Chihuahua.

We have received a memorandum of Mexican law prepared by the Hispanic Law Division of the Library of Congress. That memorandum sets forth Article 121, section IV, of the Constitution of Mexico of January 31, 1917, which states:

> Complete faith and credence shall be given in each State of the Federation to the public acts, registries, and judicial proceedings of all the others. The Congress of the Union, through general laws, shall prescribe the manner of proving such acts, registries, and proceedings and their effect, by subjecting them to the following principles:
>
> ...
>
> (IV) Acts of a civil nature done in accordance with the laws of one state shall be valid in the others.

A leading commentator on Mexican constitutional law has written that:

> Article 121 [of the Constitution] provides that each state of the Federation is under the obligation to give complete faith and credence to the public acts, registries, and judicial proceedings of the other states. While among sovereign nations this obligation does not exist unless they voluntarily accept it by virtue of international conventions or by voluntary provisions of their own laws, the states of the [Mexican] Federation have this obligation imposed on them by virtue of the provisions of the Mexican Constitution. Every act executed before the authority of one state is valid for the other states; their obligation, therefore, confirms that under our Federal regime what the constitution improperly calls sovereignty of the states does not exist.[1]

According to the memorandum, a final judgment of divorce rendered by a court in Chihuahua would be accorded full recognition by the State of Baja California pursuant to Article 121 of the Mexican Constitution. Under the laws of the State of Chihuahua, a court decision becomes final by virtue of judicial declaration (1) when the parties to the case or their respective proxies expressly consent to it, or (2) when the parties to the case are notified of the decision and they fail to appeal it within the legal term. *Código de Procedimientos Civiles para el E.L. y S. de Chihuahua*, Article 395, sections I and II [Ed. Cájica, Puebla, Mexico, 1963].

The Chihuahua divorce decree involved in the present case appears to be final and entitled to recognition in Baja California. Therefore, the beneficiary was free to enter into a marriage with the petitioner under the law of Baja California. We note that the beneficiary is a native and citizen of Mexico, his first wife was also a native and citizen of Mexico, his first marriage took place in Mexico, his first wife obtained a divorce from him in Mexico, and his remarriage to the petitioner took place in Mexico. Since the ben-

---

[1] F. Tena Ramírez, 162 *Derecho Constitucional Mexicano* [9.ed., Porrúa, 1968].

eficiary has had many significant contacts with Mexico, we see no policy against recognizing his present marriage to the petitioner which was validly contracted under Mexican law. Cf *Matter of Levine,* 13 I. & N. Dec. 244 (BIA 1969); *Matter of Kurtin,* 12 I. & N. Dec. 284 (BIA 1967); *Matter of Freeman,* 11 I. & N. Dec. 482 (BIA 1966); *Matter of Kochne,* 10 I. & N. Dec. 264 (BIA 1963); *Matter of B—,* 5 I. & N. Dec. 659 (BIA 1954).

However, a marriage valid under the domestic law of the jurisdiction where contracted is not invariably recognized as sufficient to confer immigration benefits. Immigration benefits will not be granted in cases where the couple has not established a bona fide subsisting marital relationship. *Matter of Kitsalis,* 11 I. & N. Dec. 613 (BIA 1966); *Matter of M—,* 8 I. & N. Dec. 217 (BIA 1958).

· The parties were married on September 26, 1972. However, according to the visa petition the last date on which the parties resided together was March 1971, more than a year *before* their marriage took place. There is no indication in the petition that the parties have resided with one another *since* their marriage; the beneficiary is presently residing in Tijuana, Baja California, Mexico, and the petitioner is presently residing in Angwin, California. On its face, the visa petiton raises a question as to the bona fides of the marital relationship.

In visa petition proceedings, the burden is on the petitioner to establish eligibility for the benefit sought under the immigration laws. *Matter of Brantigan,* 11 I. & N. Dec. 493 (BIA 1966). In light of the curious information given in the visa petition, we do not believe that the petitioner has sustained her burden. Therefore, we will remand the record to the District Director for further investigation into the nature of the marital relationship.

ORDER: The record is remanded to the District Director for further proceedings consistent with the above opinion.